Receipt #5183

ORIGINAL

FILED
JUL 27 2006
U.S. COURT OF FEDERAL CLAIMS

# In The United States Court of Federal Claims

ECF

| | | |
|---|---|---|
| CNG TRANSMISSION MANAGEMENT VEBA, Plaintiff, | ) | No. 06-541 T |
| v. | ) | Judge_______________ |
| UNITED STATES OF AMERICA, Defendant. | ) | |

**COMPLAINT**

Filed July 27, 2006

1. The action arises under Act June 25, 1948, c. 646, 62 Stat. 933; U.S.C. Title 28, § 1346(a)(1), as hereinafter more fully appears.

2. On or about November 15, 2001, plaintiff timely filed with the Internal Revenue Service ("IRS") Form 990-T, Exempt Organization Business Income Tax Return, for calendar year 2000 ("2000 Form 990-T).

3. Plaintiff's 2000 Form 990-T was initially due on May 15, 2001.

4. In response to its Form 8868, filed with the IRS on May 14, 2001, Plaintiff received an automatic extension of time to file its 2000 Form 990-T until August 15, 2001.

5. On September 10, 2001, the IRS Service Center in Ogden, Utah, approved plaintiff's August 20, 2001 request for an extension of time until November 15, 2001, to file its 2000 Form 990-T.

6. On its 2000 Form 990-T. plaintiff reported unrelated business taxable income in the amount of $2,693,592, and timely paid the tax thereon in the amount of $1,065,684.

7. On October 20, 2004, plaintiff timely filed with the IRS, a claim for refund for calendar year 2000, on an amended Form 990-T, in the amount of $1,065,684, on the grounds that it earned no unrelated business taxable income in 2000.

8. On April 4, 2006, the IRS issued to plaintiff a letter advising plaintiff that its claim for refund for the year 2000 in the amount of $1,065,684 was denied in full.

9. Plaintiff has exhausted its administrative remedies within the IRS.

10. Section 7422(a) of the Internal Revenue Code of 1986, as amended ("the Code") provides:

> (a) NO SUIT PRIOR TO FILING CLAIM FOR REFUND. -- No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

11. Section 6511(a) of the Code provides:

> (a) PERIOD OF LIMITATION ON FILING CLAIM. -- Claim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid.

12. Section 6532(a)(1) of the Code provides:

(a) SUITS BY TAXPAYERS FOR REFUND. --

(1) GENERAL RULE. -- No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary to the taxpayer of a notice of the disallowance of the part of the claim to which the suit or proceeding relates.

13. Plaintiff timely filed its claim for refund under section 6511(a) of the Code on October 20, 2004, within 3 years from the time it filed its 2000 Form 990-T on November 15, 2001.

14. The IRS denied plaintiff's claim for refund in full, and this suit is brought more than 6 months from the date plaintiff filed its claim for refund on October 20, 2004, and within 2 years of the date on which the IRS denied plaintiff's claim on April 4, 2006.

15. Inasmuch as all requirements of the Code have been met, the Court has jurisdiction under § 1346 of Title 28 of the United States Code to hear this suit.

16. Plaintiff is a volunteer employees' beneficiary association ("VEBA") under the terms of section 501(c)(9) of the Code whose address is C/O Mellon Bank, N.A., P.O. Box 185, Pittsburgh, Pa. 15230-9897 ("Mellon").

17. On March 31, 1994, Consolidated Natural Gas Company ("CNG") established the VEBA "for the purpose of funding medical benefits and certain other benefits" for eligible employees.

18. CNG was acquired by Dominion Resources, Inc. ("DRI") on January 28, 2000.

19. On December 20, 2001, DRI replaced CNG as the sponsor of the VEBA established on March 31, 1994.

20. For the calendar year 2000, plaintiff timely filed its 2000 Form 990-T on which it erroneously included on line 9, investment income in the amount of $2,798,002.

21. For the calendar year 2000, plaintiff timely filed its 2000 Form 990-T on which it erroneously included on line 34, unrelated business taxable income in the amount of $2,693,592.

22. The amounts included on lines 9 and 34 of plaintiff's 2000 Form 990-T properly should have been excluded as exempt function income within the meaning of section 512(a)(3)(A)and (B) of the Code.

23. For the calendar year 2000, plaintiff erroneously paid income tax in the amount of $1,065,684 on the $2,693,592 amount it erroneously reported as unrelated business taxable income for the year.

24. Defendant owes plaintiff $1,065,684, plus interest according to law.

WHEREFORE, plaintiff demands judgment against defendant for the sum of one million sixty-five thousand six hundred eighty four dollars ($1,065,684), plus interest according to law.

Signed: ______________________
Eric R. Fox

Attorney for Plaintiff
Ivins, Phillips & Barker, Chartered
1700 Pennsylvania Avenue, N.W.,
Suite 600
Washington, D.C. 20006
Tel. No.—202-662-3406
Facsimile No.—202-393-7601
E-Mail Address.—ericfox@ipbtax.com

______________________
Kevin P. O'Brien

Of Counsel
Ivins, Phillips & Barker, Chartered
1700 Pennsylvania Avenue, N.W.,
Suite 600
Washington, D.C. 20006
Tel. No.—202-662-3411
Facsimile No.—202-393-7601
E-Mail Address.—kpobrien@ipbtax.com

July 27, 2006