**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **CNG TRANSMISSION MANAGEMENT VEBA,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 06-541 T** |
| **v.** | ) | **The Honorable Lynn J. Bush** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

**ANSWER**

Defendant, the United States, Answers hereby the Complaint in the above-captioned case. Defendant respectfully denies each and every allegation contained therein that is not admitted below. Defendant further:

1. Avers that jurisdiction, if it exists, is by virtue of § 1491 of Title 28 of the United States Code.

2. Admits the allegations contained in paragraph 2, except avers that the allegation that the return was timely filed is a legal conclusion, to which no response is required.

3. Avers that the allegation contained in paragraph 3 is a legal conclusion, to which no response is required.

4. Admits the allegations contained in paragraph 4.

5. Admits the allegations contained in paragraph 5.

6. Admits the allegations contained in paragraph 6, except avers that the allegation of timely payment is a legal conclusion, to which no response is required. Avers that a total of $1,069,264 had been paid on or before March 15, 2001.

7. Admits the allegations contained in paragraph 7, except avers that the grounds alleged by plaintiff are set out in the document referred to in paragraph 7, which document speaks for itself. Avers that the allegation of timely filing is a legal conclusion, to which no response is required.

8. Denies the allegations contained in paragraph 8. Avers that by letter dated April 4, 2006, the Internal Revenue Service proposed to disallow plaintiff's claim. Avers that this letter was not a Notice of Disallowance as contemplated by 26 U.S.C. § 6532(a)(1).

9. Defendant objects to paragraph 9 as irrelevant, and accordingly in violation of Rule 8(a) of the Rules of the United States Court of Federal Claims, in that the allegation is not part of a "short and plain statement" of either "the grounds upon which the court's jurisdiction depends," or "of the claim showing that the pleader is entitled to relief."

10. Avers that the allegation contained in paragraph 10 is a legal conclusion, to which no response is required.

11. Avers that the allegation contained in paragraph 11 is a legal conclusion, to which no response is required.

12. Avers that the allegation contained in paragraph 12 is a legal conclusion, to which no response is required.

13. Avers that the allegation contained in paragraph 13 is a legal conclusion, to which no response is required.

14. Denies the allegation that plaintiff's claim for refund has been denied. Admits that July 27, 2006, is more than 6 months after October 20, 2004, and less than two years after April 4, 2006.

15. Avers that jurisdiction, if it exists, is by virtue of § 1491 of Title 28 of the United States Code.

16. Admits that the address set out in paragraph 16 is the address set out on the documents filed by plaintiff with the Internal Revenue Service. Avers that the remaining allegations contained in paragraph 16 are legal conclusions, to which no response is required.

17. States that it is without knowledge or information sufficient to form a belief as to the truth of the averment contained in paragraph 17.

18. States that it is without knowledge or information sufficient to form a belief as to the truth of the averment contained in paragraph 18.

19. States that it is without knowledge or information sufficient to form a belief as to the truth of the averment contained in paragraph 19.

20. Admits the allegations contained in paragraph 20, except avers that the allegations of timeliness and of erroneous action are legal conclusions, to which no response is required.

21. Admits the allegations contained in paragraph 21, except avers that the allegations of timeliness and of erroneous action are legal conclusions, to which no response is required.

22. Avers that the allegations contained in paragraph 22 are legal conclusions, to which no response is required.

23. Admits the allegations contained in paragraph 23, except avers that the allegations of erroneous action are legal conclusions, to which no response is required.

24. Avers that the allegation contained in paragraph 24 is a legal conclusion, to which no response is required.

WHEREFORE, defendant prays the Complaint be dismissed, with all allowable costs assessed against plaintiff.

Respectfully submitted,

s/ W. C. Rapp

W. C. RAPP
*Attorney of Record*
*United States Department of Justice*
*Tax Division*
*Court of Federal Claims Section*
*Post Office Box 26*
*Ben Franklin Post Office*
*Washington, D.C. 20044*
*Voice: (202) 307-0503*
*Fax: (202) 514-9440*
*Email: william.c.rapp2@usdoj.gov*

EILEEN J. O'CONNOR
*Assistant Attorney General*
DAVID GUSTAFSON
*Chief, Court of Federal Claims Section*
STEVEN I. FRAHM
*Assistant Chief, Court of Federal Claims Section*

November 21, 2006

s/ Steven I. Frahm
Of Counsel