IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CNG TRANSMISSION MANAGEMENT VEBA,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 06-541 T<br>Judge Lynn J. Bush |

JOINT PRELIMINARY STATUS REPORT

In accordance with Appendix A, Section III of the Rules of the United States Court of Federal Claims, the plaintiff and the defendant, by their undersigned attorneys, submit this joint preliminary status report, setting forth their views on questions posed in the rules, as follows:

4(a) Does the Court have jurisdiction over the action? This Court appears to have subject-matter jurisdiction over this action by virtue of 28 U.S.C. § 1491(a)(1) and 26 U.S.C. § 7422.

4(b) Should the case be consolidated with any other case? This action should not be consolidated with any other case.

4(c) Should trial of liability and damages be bifurcated? The parties agree that separate trials on the questions of liability and damages are unnecessary in this case, and that all evidence necessary to resolve both questions should be presented at one trial. They ask the Court initially to determine the question of liability only, and afterwards, if any recomputation of tax liability is necessary, to permit the parties a reasonable period to perform and agree upon any necessary recomputation of tax liability and interest due, so that the parties can submit a stipulation as to the amount of judgment. This will avoid devoting unnecessary attention to

computations at trial.

4(d) Should further proceedings in this case be deferred pending consideration of another case? Further proceedings in this case should not be deferred pending consideration of any other case.

4(e) In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long? Not Applicable.

4(f) Will additional parties be joined? No.

4(g) Does either party intend to file a motion pursuant to RCFC Nos. 12(b), 12(c), or 56? Until more discovery has been completed, the parties cannot predict whether either or both of them will be able to move for summary judgment. At this time, neither party intends to file a motion pursuant either to RCFC Nos. 12(b), 12(c), or 56.

4(h) What are the relevant issues? The basic issue here, as in every tax refund suit, is whether plaintiff has established that it overpaid taxes for the period(s) in issue. (Lewis v. Reynolds, 284 U.S. 281 (1932); Dysart v. United States, 169 Ct. C1. 276, 340 F.2d 624 (1965).) This case involves determining the amount of plaintiff's liability for federal income tax (26 U.S.C.) for calendar year 2000. Since the Internal Revenue Service has not examined (audited) plaintiff's original tax return (Form 990-T, Exempt Organization Business Income Tax Return) for 2000, the Government has not yet identified what items reported in that return it believes to be in error. As to subsidiary issues in this case, all the Government knows currently is that it disagrees with plaintiff's claim, stated in its amended tax return (Form 990-T) and in its complaint at ¶¶ 20-22, that the amounts it included on lines 9 and 34 of its original return for 2000 as investment income and as unrelated business taxable income, respectively, should have been excluded.

4(I) What is the likelihood of settlement? Is alternative dispute resolution contemplated? Settlement is unlikely at this time. Alternative dispute resolution is not warranted.

4(j) Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request expedited trial scheduling, and, if so, why? Unless a dispositive motion is filed, the parties anticipate that the issues will have to be tried. The parties jointly request the Court to adopt the schedule proposed *infra* in ¶ 5 in its pretrial order.

4(k) Are there special issues regarding electronic case management needs? No.

4(l) Is there other information of which the Court should be aware at this time? Yes. First, as indicated above in response to ¶ 4(h), since this tax refund action did not arise out of an examination by the Internal Revenue Service of plaintiff's original federal tax return, the Government will have to conduct discovery into plaintiff's tax liability, including the records underlying, all of the entries it made in its original return on Form 990T for 2000. Second, the parties stipulate that the limitation in RCFC 33(a) on the number of interrogatories that may be served on the other party should not be applicable in this case.

5. Proposed Pretrial Schedule

The parties propose the following pretrial schedule:

March 6, 2007: Rule 26(a) Initial Disclosures due.

September 28, 2007: Disclosure to counsel for defendant of the name, address, and qualifications of each person who may be used by plaintiff at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence, and disclosure to counsel for defendant of each expert witness report for each such person.

November 30, 2007: Disclosure to plaintiff of the name, address, and qualifications of each person who may be used by defendant at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence or to contradict or rebut opinion evidence included in an expert witness report that was disclosed to defendant on or before September 28, 2007, and disclosure to counsel for plaintiff of each expert witness report for each such person.

January 4, 2008: Disclosure to counsel for defendant of the name, address, and qualifications of each person who may be used by plaintiff at trial to contradict or rebut opinion

evidence included in each expert witness report that was disclosed to plaintiff on or before November 30, 2007, and disclosure to counsel for defendant of each expert witness report for each such person.

January 25, 2008: Completion of discovery (deadline for filing motions to compel).

March 7, 2008: Post-Discovery Conference pursuant to App. A ¶11.

March 14, 2008: Meeting of counsel pursuant to App. A ¶ 13 to exchange exhibit lists and actual listed exhibits, except those previously exchanged, witness lists, and to confer on subjects listed in App. A ¶ 13(c).

March 28, 2008: Plaintiff's Memorandum of Contentions of Fact and Law, Witness List, and Exhibit List pursuant to App. A ¶¶ 14(a), 15, and 16 due.

April 25, 2008: Defendant's response to plaintiff's Memorandum of Contentions of Fact and Law, Witness List, and Exhibit List pursuant to App. A ¶¶ 14(b), 15, and 16 due.

May 2, 2008: Motions in Limine and other pretrial motions due.

May 16, 2008: Responses to Motions in Limine and other pretrial motions due.

May 23, 2008: Replies to Responses to pretrial motions due.

May 30, 2008: Pretrial Conference.

Respectfully submitted,

S/ Eric R. Fox

ERIC R. FOX
Attorney of Record for Plaintiff
Ivins, Phillips & Barker, Chartered
1700 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 662-3406 (phone)
(202) 393-7601 (fax)
ericfox@ipbtax.com

S/ Kevin P. O’Brien

KEVIN P. O’BRIEN
Of Counsel
Ivins, Phillips & Barker, Chartered
1700 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 662-3411 (phone)
(202) 393-7601 (fax)
kpobrien@ipbtax.com

February 16, 2007

Respectfully submitted,

S/ George L. Squires

GEORGE L. SQUIRES
Attorney of Record
United States Department of Justice Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6587 (phone)
(202) 514-9440 (fax)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
G. ROBSON STEWART
Reviewer, Court of Federal Claims Section

S/ G. Robson Stewart

Of Counsel

February 16, 2007