# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **CNG TRANSMISSION MANAGEMENT VEBA,** | ) | |
| **Plaintiff,** | ) | |
| | ) | **No. 06-541 T** |
| **v.** | ) | **The Honorable Lynn J. Bush** |
| **THE UNITED STATES,** | ) | |
| **Defendant.** | ) | |

## JOINT STATUS REPORT

Pursuant to the Court's February 20, 2008, Order in this matter, the parties submit the following Joint Status Report:

1. Nature of the case. This is a tax-refund case. Plaintiff is CNG Transmission Management VEBA, a voluntary employee benefit association ("VEBA") under § 501(c)(9) of the Internal Revenue Code. Plaintiff seeks a refund of income taxes it paid on unrelated business taxable income ("UBTI") during the 2000 tax year. Plaintiff alleges that the amounts it reported as UBTI should instead "have been excluded as exempt function income within the meaning of section 512(a)(3)(A) and (B)" of the Internal Revenue Code. Complaint, ¶ 23.

At the heart of this case is a legal question. Section 501(a)(3)(E) of the Code limits the amount of UBTI that a VEBA can classify as "exempt function income" and thereby exclude from tax. Defendant contends that this limitation applies to all UBTI set aside to provide benefits, whether the funds were spent during the year or not. Plaintiff suggests instead that the limitation applies only to UBTI earned that was unspent at the end of the tax year. The United

States Tax Court agreed with defendant's interpretation, but the Sixth Circuit reversed the Tax Court’s decision. See *Sherman Williams Co. Employee Health Plan Trust v. Commissioner*, 115 T.C. 440 (T.C. 2000), *rev’d*, 330 F.3d 449 (6th Cir. 2003). The Federal Circuit has not considered the issue.

2. Discovery. Because plaintiff’s claims in this case did not arise from an audit by the Internal Revenue Service, defendant took discovery in an effort to determine whether there are areas of dispute concerning plaintiff’s tax return other than the UBTI issue that plaintiff raised. Defendant did not identify any such disputes during discovery.

Defendant has also conducted discovery concerning the unrelated business taxable income at issue here. Depending on the outcome of the disputed legal issue in this case, defendant may need to conduct additional discovery in order properly to address any computational issues that may arise. It is most efficient for defendant to defer such discovery until after the Court has resolved the legal question on cross-motions for summary judgment. Plaintiff has agreed that, if necessary, defendant may take such discovery after the dispositive motions are resolved.

3. Cross-motions for summary judgment. The parties believe that the proper next step in this case should be cross-motions for summary judgment directed to the key legal issue in the case.

Pursuant to Rule 56(c) of the Rules of the Court of Federal Claims, plaintiff will move for summary judgment on the issue of liability – namely, whether plaintiff overpaid taxes during the 2000 tax year. Plaintiff will argue that UBTI that it earned in the 2000 tax year is not subject

to the limitation on exempt function income imposed by § 501(a)(3)(E) of the Code, because plaintiff spent those funds to provide benefits during the 2000 tax year.

Defendant will file a cross-motion for summary judgment on the issue of liability as well. Defendant will argue that there was no overpayment of tax, because the UBTI that plaintiff earned was subject to the limitation on exempt function income imposed by § 501(a)(3)(E) of the Code. Defendant will argue that, as a matter of law, the limitation applies to all UBTI set aside to provide benefits, whether the funds were spent during the year or not.

The parties have conferred regarding an appropriate briefing schedule on the cross-motions and, subject to the Court's approval, propose the following:

| | |
|---|---|
| *Plaintiff's motion for summary judgment* | May 9, 2008 |
| *Defendant's response and cross-motion* | June 6, 2008 |
| *Plaintiff's response and reply* | June 27, 2008 |
| *Defendant's reply* | July 18, 2008 |

4. Settlement. The parties do not believe that this case can be settled. Both CNG and the Government would like to obtain the Court's ruling on the disputed legal question, and each intends to appeal an adverse decision to the Federal Circuit.

5. Post-discovery conference. If the Court believes it would be helpful, the parties will attend a post-discovery conference with the Court to discuss further proceedings in the case. However, the parties do not believe that a post-discovery conference is necessary and are willing to proceed on the schedule outlined above without a conference with the Court.

6. Further proceedings. The parties propose that all pending deadlines in the Court's February 20, 2008, Order should be suspended until the dispositive motions have been

resolved. The parties respectfully suggest that. after the Court resolves the cross-motions for summary judgment, the Court should schedule a deadline for the parties to submit a joint status report recommending a schedule for further proceedings in the case.

Respectfully submitted,

*s/Eric R. Fox, with consent*

ERIC R. FOX
Attorney of Record for Plaintiff
Ivins, Phillips & Barker, Chartered
1700 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 662-3406 (phone)
(202) 393-7601 (fax)
ericfox@ipbtax.com

*s/Jason Bergmann*

JASON BERGMANN
Attorney of Record for Defendant
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 616-3425

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
G. ROBSON STEWART
Reviewer

*s/G. Robson Stewart*

Of Counsel

March 28, 2008