II

Calendar No. 800

98TH CONGRESS
2D SESSION

# H. R. 4170

IN THE SENATE OF THE UNITED STATES

APRIL 26 (legislative day, APRIL 24), 1984

Received; placed on the calendar pursuant to the order of April 25, 1984

# AN ACT

To provide for tax reform, and for other purposes.

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,*

**SECTION 1. SHORT TITLE; ETC.**

(a) SHORT TITLE.—This Act may be cited as the "Tax Reform Act of 1984".

(b) AMENDMENT OF 1954 CODE.—Except as otherwise expressly provided, whenever in this Act an amendment or repeal is expressed in terms of an amendment to, or repeal of, a section or other provision, the reference shall be considered to be made to a section or other provision of the Internal Revenue Code of 1954.

"(2) CASH SETTLEMENT OPTION.—For purposes of paragraph (1), the term 'cash settlement option' means any option which on exercise settles in (or could be settled in) cash or property other than the underlying property."

(b) EFFECTIVE DATE.—The amendment made by subsection (a) shall apply to options purchased or granted after October 31, 1983, in taxable years ending after such date.

# Subtitle I—Employee Benefit Provisions

## PART I—WELFARE BENEFIT PLANS

### SEC. 111. TREATMENT OF FUNDED WELFARE BENEFIT PLANS.

(a) GENERAL RULE.—Part I of subchapter D of chapter 1 (relating to pension, profit sharing, stock bonus plans, etc.) is amended by adding at the end thereof the following new subpart:

**"Subpart D—Treatment of Welfare Benefit Funds**

"Sec. 419. Treatment of funded welfare benefit plans.

**"SEC. 419. TREATMENT OF FUNDED WELFARE BENEFIT PLANS.**

"(a) GENERAL RULE.—Contributions paid or accrued by an employer to a welfare benefit fund—

"(1) shall not be deductible under section 162 or 212, but

"(2) if they satisfy the requirements of either of such sections, shall (subject to the limitation of subsection (b)) be deductible under this section for the taxable year in which paid.

"(b) LIMITATION.—The amount of the deduction allowable under subsection (a)(2) for any taxable year shall not exceed the welfare benefit fund's qualified cost for the taxable year.

"(c) QUALIFIED COST.—For purposes of this section—

"(1) IN GENERAL.—Except as otherwise provided in this subsection, the term 'qualified cost' means, with respect to any taxable year, the sum of—

"(A) the qualified direct cost for such taxable year, and

"(B) subject to the limitation of paragraph (4)(B), any addition to a qualified asset account for the taxable year.

"(2) INCOME ADJUSTMENTS.—In the case of any welfare benefit fund, the qualified cost for any taxable year shall be reduced by such fund's after-tax income for such taxable year.

"(3) QUALIFIED DIRECT COST.—

"(A) IN GENERAL.—The term 'qualified direct cost' means, with respect to any taxable year, the aggregate amount which would have

been allowable as a deduction to the employer with respect to the benefits provided during the taxable year, if—

"(i) such benefits were provided directly by the employer, and

"(ii) the employer used the cash receipts and disbursements method of accounting.

"(B) TIME WHEN BENEFITS PROVIDED.—For purposes of subparagraph (A), a benefit shall be treated as provided when such benefit would be includible in the gross income of the employee if provided directly by the employer (or would be so includible but for any provision of this chapter excluding such benefit from gross income).

"(C) ADJUSTMENT TO QUALIFIED DIRECT COST FOR EXCESS CHANGEOVER RESERVE.—

"(i) IN GENERAL.—In the case of a welfare benefit fund with an excess changeover reserve, the qualified direct cost for any taxable year—

"(I) shall be applied against the amount of such reserve (to the extent thereof), and

"(II) to the extent so applied shall not be taken into account under paragraph (1)(A).

"(ii) EXCESS RESERVE REDUCED NOT MORE RAPIDLY THAN RATABLY OVER 5 TAXABLE YEARS.—Clause (i) shall not apply for any taxable year to the extent that the application of clause (i) to such taxable year and preceding taxable years result in the excess changeover reserve being reduced more rapidly than ratably over the first 5 taxable years ending after March 31, 1984.

"(iii) EXCESS CHANGEOVER RESERVE.—For purposes of this subparagraph, the term 'excess changeover reserve' means the excess of—

"(I) the amount of assets set aside for purposes described in paragraph (4)(A) as of March 31, 1984, over

"(II) the amount which would have been permitted to be set aside under paragraph (4)(B) as of such date.

"(4) QUALIFIED ASSET ACCOUNT.—

"(A) IN GENERAL.—The term 'qualified asset account' means any assets set aside to pro-

vide for the payment of welfare benefits, other than facilities used in the provision of such benefits.

"(B) LIMITATION.—The limitation provided by this subparagraph for any taxable year is the amount (if any) which would have to be added to the qualified asset account so that the amount in such account as of the close of the taxable year equals 75 percent of the average annual qualified direct costs (other than insurance premiums) for taxable years in the base period for benefits for which reserves are permitted.

"(C) VALUATION.—For purposes of subparagraph (B), the amount of the qualified asset account shall be the value of the assets in such account (as determined under regulations).

"(D) BASE PERIOD.—The term 'base period' means the period consisting of the taxable year and the preceding taxable year.

"(E) BENEFITS FOR WHICH RESERVES ARE PERMITTED.—The term 'benefits for which reserves are permitted' means any life insurance, accident, sickness, severance pay, supplemental unemployment, or group legal benefits.

"(F) HIGHER LIMITATION IN CERTAIN CASES.—In the case of benefits for which reserves are permitted, the Secretary shall by regulations provide that the amount of the qualified asset account may exceed the limitation of subparagraph (B)—

"(i) if the limitation of subparagraph (B) is less than the amount of claims incurred but unpaid and expected to be paid before the close of the next taxable year, or

"(ii) if the liability for which the account was established is under a collective bargaining agreement and a higher reserve is necessary.

"(5) AFTER-TAX INCOME.—

"(A) IN GENERAL.—The term 'after-tax income' means, with respect to any taxable year, the gross income of the welfare benefit fund reduced by the sum of—

"(i) the deductions allowed by this chapter which are directly connected with the production of such gross income, and

"(ii) the tax imposed by this chapter on the fund for the taxable year.

"(B) TREATMENT OF CERTAIN AMOUNTS.—In determining the gross income of any welfare benefit fund—

"(i) contributions and other amounts received from employees shall be taken into account, but

"(ii) contributions from the employer shall not be taken into account.

"(6) ITEM ONLY TAKEN INTO ACCOUNT ONCE.—No item may be taken into account more than once in determining the qualified cost of any welfare benefit fund.

"(d) CARRYOVER OF EXCESS CONTRIBUTIONS.—If—

"(1) the amount of the contributions paid (or deemed paid under this subsection) by the employer during any taxable year to a welfare benefit fund, exceeds

"(2) the limitation of subsection (b),

such excess shall be treated as an amount paid by the employer to such fund during the succeeding taxable year.

"(e) WELFARE BENEFIT FUND.—For purposes of this section—

"(1) IN GENERAL.—The term 'welfare benefit fund' means any fund—

"(A) which is part of a plan of an employer, and

"(B) through which the employer provides welfare benefits to employees or their beneficiaries.

"(2) WELFARE BENEFIT.—The term 'welfare benefit' means any benefit other than a benefit with respect to which—

"(A) section 83(h) applies,

"(B) section 404 applies (determined without regard to section 404(b)(2)),

"(C) section 404A applies, or

"(D) an election under section 463 applies.

"(3) FUND.—The term 'fund' means—

"(A) any organization described in paragraph (7), (9), (17), or (20) of section 501(c), and

"(B) any trust, corporation, or other organization not exempt from the tax imposed by this chapter.

"(f) METHOD OF CONTRIBUTIONS, ETC., HAVING THE EFFECT OF A PLAN.—If—

"(1) there is no plan, but

"(2) there is a method or arrangement of employer contributions or benefits which has the effect of a plan,

this section shall apply as if there were a plan.

"(g) EXTENSION TO PLANS FOR INDEPENDENT CONTRACTORS.—If any fund would be a welfare benefit fund (as modified by subsection (f)) but for the fact that there is no employee-employer relationship—

"(1) this section shall apply as if there were such a plan, and

"(2) any references in this section to the employer shall be treated as a reference to the person for whom services are provided, and any reference in this section to an employee shall be treated as a reference to the person providing the services.

"(h) AGGREGATION RULES.—For purposes of this section—

"(1) AGGREGATION OF FUNDS OF EMPLOYER.—All welfare benefit funds of an employer shall be treated as 1 fund.

"(2) TREATMENT OF RELATED EMPLOYERS.—Rules similar to the rules of subsections (b), (c), (m), and (n) of section 414 shall apply. For purposes of the preceding sentence, section 414(m)(6)(B) shall be applied by substituting 'section 318' for 'section 267(c)'.

"(i) REGULATIONS.—The Secretary shall prescribe such regulations as may be appropriate to carry out the purposes of this section. Such regulations may provide that the

plan administrator of any welfare benefit fund which is part of a multiemployer plan shall submit such information to the employers contributing to the fund as may be necessary to enable the employers to comply with the provisions of this section."

(b) CLERICAL AMENDMENT.—The table of subparts for part I of subchapter D of chapter 1 is amended by adding at the end thereof the following new item:

"Subpart D. Treatment of welfare benefit funds."

(c) EFFECTIVE DATES.—

(1) IN GENERAL.—Except as otherwise provided in this subsection, the amendments made by this section shall apply to contributions paid or accrued after March 31, 1984, in taxable years ending after such date.

(2) SPECIAL RULE FOR COLLECTIVE BARGAINING AGREEMENTS.—In the case of a plan maintained pursuant to 1 or more collective bargaining agreements—

(A) between employee representatives and 1 or more employers, and

(B) in effect on March 1, 1984 (or ratified on or before such date),

the amendments made by this section and section 114 shall not apply to years beginning before the later of (i) the date on which the last of the collective bargaining agreements relating to the plan terminates (determined

without regard to any extension thereof agreed to after March 1, 1984), or (ii) January 1, 1986.

(3) SPECIAL RULE FOR PARAGRAPH (2).—For purposes of paragraph (2), any plan amendment made pursuant to a collective bargaining agreement relating to the plan which amends the plan solely to conform to any requirement added by this section or section 114 shall not be treated as a termination of such collective bargaining agreement.

**SEC 112. TREATMENT OF UNFUNDED DEFERRED BENEFITS.**

(a) GENERAL RULE.—Subsection (b) of section 404 (relating to method of contributions, etc., having the effect of a plan) is amended to read as follows:

"(b) METHOD OF CONTRIBUTIONS, ETC., HAVING THE EFFECT OF A PLAN; UNFUNDED DEFERRED BENEFITS.—

"(1) METHOD OF CONTRIBUTIONS, ETC., HAVING THE EFFECT OF A PLAN.—If—

"(A) there is no plan, but

"(B) there is a method or arrangement of employer contributions or compensation which has the effect of a stock bonus, pension, profit-sharing, or annuity plan, or other plan deferring the receipt of compensation (including a plan described in paragraph (2)),

subsection (a) shall apply as if there were such a plan.

"(2) PLANS PROVIDING UNFUNDED DEFERRED BENEFITS.—

"(A) IN GENERAL.—For purposes of this section, any plan providing for deferred benefits (other than compensation) for employees, their spouses, or their dependents shall be treated as a plan deferring the receipt of compensation. In the case of such a plan, for purposes of this section, the determination of when an amount is includible in gross income shall be made without regard to any provisons of this chapter excluding such benefits from gross income.

"(B) EXCEPTION FOR FUNDED BENEFITS.—Subparagraph (A) shall not apply to any benefit provided through a welfare benefit fund (as defined in section 419(e))."

(b) CROSS REFERENCE.—Subsection (j) of section 162 (relating to cross references) is amended by adding at the end thereof the following new paragraph:

**"(3) For special rules relating to—**

**"(A) funded welfare benefit plans, see section 419, and**

**"(B) deferred compensation and other deferred benefits, see section 404."**

(c) EFFECTIVE DATE.—The amendments made by this section shall apply to amounts paid or incurred after March 31, 1984, in taxable years ending after such date.

**SEC. 113. ADDITIONAL REQUIREMENTS FOR TAX-EXEMPT STATUS OF CERTAIN ORGANIZATIONS.**

(a) GENERAL RULE.—Part I of subchapter F of chapter 1 (relating to exempt organizations) is amended by adding at the end thereof the following new section:

**"SEC. 505. ADDITIONAL REQUIREMENTS FOR ORGANIZATIONS DESCRIBED IN PARAGRAPH (9), (17), OR (20) OF SECTION 501(c).**

"(a) CERTAIN REQUIREMENTS MUST BE MET IN THE CASE OF ORGANIZATIONS DESCRIBED IN PARAGRAPH (9), (17), OR (20) OF SECTION 501(c).—

"(1) VOLUNTARY EMPLOYEES' BENEFICIARY ASSOCIATIONS, ETC.—An organization described in paragraph (9) or (20) of subsection (c) of section 501 which is part of a plan of an employer shall not be exempt from tax under section 501(a) unless such plan meets the requirements of paragraphs (1) and (2) of subsection (b) of this section.

"(2) SUPPLEMENTAL UNEMPLOYMENT COMPENSATION BENEFIT TRUSTS.—A trust described in paragraph (17) of subsection (c) of section 501 shall not be exempt from tax under section 501(a) unless the plan of which such trust is a part meets the requirements of paragraph (1) of subsection (b) of this section.

"(3) EXCEPTION FOR COLLECTIVE BARGAINING AGREEMENTS.—Paragraphs (1) and (2) shall not apply

to any organization which is part of a plan maintained pursuant to 1 or more collective bargaining agreements between 1 or more employee organizations and 1 or more employers.

"(b) REQUIREMENTS.—

"(1) UTILIZATION.—A plan meets the requirements of this paragraph with respect to any class of benefits for any year only if the benefits of such class provided under the plan during such year to highly compensated individuals do not exceed 25 percent of the benefits of such class provided under such plan during such year.

"(2) NONDISCRIMINATION REQUIREMENTS.—

"(A) IN GENERAL.—Except as provided in subparagraph (B), a plan meets the requirements of this paragraph only if—

"(i) each class of benefits under the plan is provided under a classification which is set forth in the plan and which is found by the Secretary not to be discriminatory in favor of employees who are highly compensated individuals, and

"(ii) in the case of each class of benefits, such benefits do not discriminate in

favor of employees who are highly compensated employees.

A life insurance, disability, severance pay, or supplemental unemployment compensation benefit shall not be considered to fail to meet the requirements of clause (ii) merely because the benefits available bear a uniform relationship to the total compensation, or the basic or regular rate of compensation, of employees covered by the plan.

"(B) APPLICATION OF PARAGRAPH WHERE OTHER NONDISCRIMINATION RULES PROVIDED.—In the case of any benefit for which nondiscrimination rules are applicable under a provision of this chapter other than this subsection, the requirements of this paragraph are met only if such rules are satisfied with respect to such benefit.

"(C) AGGREGATION RULES.—Rules similar to the rules of section 419(h) shall apply for purposes of this subsection.

"(3) HIGHLY COMPENSATED INDIVIDUAL.—For purposes of this subsection, the term 'highly compensated individual' has the meaning given such term by section 105(h)(5). For purposes of the preceding sentence, section 105(h)(5) shall be applied by substituting '10 percent' for '25 percent'.

"(c) REQUIREMENT THAT ORGANIZATION NOTIFY SECRETARY THAT IT IS APPLYING FOR TAX-EXEMPT STATUS.—

"(1) IN GENERAL.—An organization shall not be treated as an organization described in paragraph (9), (17), or (20) of section 501(c)—

"(A) unless it has given notice to the Secretary, in such manner as the Secretary may by regulations prescribe, that it is applying for recognition of such status, or

"(B) for any period before the giving of such notice, if such notice is given after the time prescribed by the Secretary by regulations for giving notice under this subsection.

"(2) SPECIAL RULE FOR EXISTING ORGANIZATIONS.—In the case of any organization in existence on March 31, 1984, the time for giving notice under paragraph (1) shall not expire before the date 1 year after the date of the enactment of this section."

(b) CLERICAL AMENDMENT.—The table of sections for part I of subchapter F of chapter 1 is amended by adding at the end thereof the following new item:

"Sec. 505. Additional requirements for organizations described in paragraph (9), (17), or (20) of section 501(c)."

(c) EFFECTIVE DATE.—The amendments made by this section shall apply to taxable years beginning after December 31, 1984.

## SEC. 114. AMENDMENTS TO TAX ON UNRELATED BUSINESS INCOME.

(a) EXTENSION OF SECTION 512(a)(3) TO SUPPLEMENTAL UNEMPLOYMENT BENEFIT AND GROUP LEGAL TRUSTS.—

(1) Paragraph (3) of section 512(a) (relating to special rules applicable to organizations described in section 501(c) (7) or (9)) is amended by striking out "section 501(c) (7) or (9)" each place it appears (including in the paragraph heading) and inserting in lieu thereof "paragraph (7), (9), (17), or (20) of section 501(c)".

(2) Clause (ii) of section 512(a)(3)(B) is amended by striking out "section 501(c)(9)" and inserting in lieu thereof "paragraph (9), (17), or (20) of section 501(c)".

(b) LIMITATION ON DEDUCTION FOR SET-ASIDE.—Paragraph (3) of section 512(a) is amended by adding at the end thereof the following new subparagraph:

"(E) LIMITATION ON AMOUNT OF SET-ASIDE IN THE CASE OF ORGANIZATIONS DESCRIBED IN PARAGRAPH (9), (17), OR (20) OF SECTION 501(C).—

"(i) IN GENERAL.—In the case of any organization described in paragraph (9), (17), or (20) of section 501(c), a set-aside for any purpose specified in clause (ii) of subparagraph (B) may be taken into account under subparagraph (B) only to the extent that such set-aside does not result in an amount of assets set aside for such purpose in excess of the limitation of section 419(c)(4)(B).

"(ii) SPECIAL RULES.—For purposes of clause (i)—

"(I) in the case of any organization which is a member of a group of organizations treated as 1 organization under section 419(h), the limitation of section 419(c)(4)(B) shall be such organization's proportionate share of such limitation determined for such group, and

"(II) assets used in the provision of benefits described in clause (ii) of subparagraph (B) shall not be taken into account."

(c) EFFECTIVE DATE.—The amendments made by this section shall apply to taxable years beginning after December 31, 1984.