[COMPARATIVE COMMITTEE PRINT]

# DESCRIPTION OF TAX PROVISIONS

# OF

# H.R. 4170

# AS PASSED BY THE HOUSE AND THE SENATE

Prepared for the Use of the House and Senate Conferees

By the Staff of the

Joint Committee on Taxation

May 22, 1984

33-665 O

U S GOVERNMENT PRINTING OFFICE

WASHINGTON 1984

JCS-24-84

For sale by the Superintendent of Documents, U S Government Printing Office Washington, D C. 20402

# CONTENTS


| | Page |
|---|---|
| INTRODUCTION | 1 |
| PART ONE LEGISLATIVE BACKGROUND OF TAX PROVISIONS | 3 |
| PART TWO TAX PROVISIONS IN BOTH THE HOUSE BILL AND SENATE AMENDMENT WHICH ARE THE SAME | 6 |
| PART THREE COMPARISON OF DIFFERENCES IN TAX PROVISIONS IN THE HOUSE BILL AND SENATE AMENDMENT | 9 |
| I Tax Freeze, Tax Reforms Generally | 10 |
| A TAX FREEZE AND RELATED PROVISIONS | 10 |
| 1 Finance lease provisions | 10 |
| 2 Employee stock ownership credit | 12 |
| 3 Net interest exclusion | 12 |
| 4 Maximum estate and gift tax rates | 12 |
| 5 Tax rate on newly discovered oil | 14 |
| 6 Excise taxes on cigarettes and distilled spirits | 14 |
| 7 Modification of time and manner of paying cigarette and alcohol excise taxes | 16 |
| B LEASING PROVISIONS | 18 |
| 8 Tax-exempt entity leasing—general rule | 18 |
| 9 Definition of domestic tax-exempt entity for purposes of nontaxable use restriction | 18 |
| 10 Rules applicable to personal property subject to nontaxable use restriction | 18 |
| 11 Rules applicable to real property subject to nontaxable use restriction | 18 |
| 12 Foreign-use rules | 20 |
| 13 High-technology equipment and other short-lived property | 22 |
| 14 Short-term lease exception | 22 |
| 15 Lease term | 22 |
| 16 ITC for property leased by thrift institutions not to exceed ITC allowable if such persons owned the property | 22 |
| 17 Service contracts | 24 |
| 18 Special service contract rules for certain facilities | 24 |
| 19 Effective dates for tax-exempt leasing provisions | 24 |
| 20 TRAC leasing | 28 |
| C TREATMENT OF BONDS AND OTHER DEBT INSTRUMENTS | 30 |
| 21 Discount obligations | 30 |

| | Page |
|---|---|
| D CORPORATE TAX PROVISIONS | 34 |
| 22 Dividends received deduction for debt-financed portfolio stock | 34 |
| 23 Distributions from mutual funds | 34 |
| 24 Corporate shareholder's basis in stock reduced by non-taxed portion of extraordinary distributions | 36 |
| 25 Non-liquidating distributions by corporations of appreciated property | 38 |
| 26 Holding period for property distributed by one corporation to another | 40 |
| 27 Certain expenses incurred in connection with short sales | 40 |
| 28 Phase-out of graduated rates for large corporations | 44 |
| 29 Increase in reduction in certain corporate preference items from 15 percent to 20 percent | 44 |
| 30 "Golden parachute" contracts | 46 |
| 31 Earnings and profits | 46 |
| 32 Dividends of discount obligations by corporations | 50 |
| 33 Delay in application of the net operating loss rules added by the Tax Reform Act of 1976 | 50 |
| 34 "C" Reorganizations | 50 |
| 35 "D" Reorganizations | 50 |
| 36 Collapsible corporations | 52 |
| 37 Condominium conversions | 54 |
| 38 Repeal of stock for debt exception for purposes of determining income from discharge of indebtedness | 56 |
| 39 Consolidated returns | 58 |
| E PARTNERSHIP PROVISIONS | 60 |
| 40 Retroactive allocations | 60 |
| 41 Payments for services or property | 60 |
| 42 Transfers of partnership interests by corporations | 62 |
| 43 Section 1031 not applicable to partnership interests, limitation on the period during which like kind exchanges may be made | 64 |
| 44 Elimination of basis strips under section 734(b) | 64 |
| 45 Allocation of certain liabilities to limited partners | 64 |
| F ACCOUNTING CHANGES | 66 |
| 46 Premature accruals | 66 |
| 47 Nuclear power plant decommissioning | 68 |
| 48 Mine reclamation and closing costs | 68 |
| 49 Vacation pay | 72 |
| 50 Prepaid expenses | 72 |
| 51 Deferred payment transactions | 74 |
| 52 Deferred payments for use of property or services | 76 |
| 53 Capitalization of construction period interest and taxes | 78 |
| 54 Start-up expenses | 78 |
| G TAX STRADDLES | 80 |
| 55 Repeal of exception from straddle rules for stock options and certain stock | 80 |
| 56 Section 1256 extended to certain options | 80 |
| 57 Regulations under section 1092(b) | 82 |

| | | Page |
|---|---|---|
| 58 | Limitation on losses from hedging transactions | 82 |
| 59 | Clarification that section 1234 applies to cash settlement options | 82 |
| 60 | Wash sale rules to apply to losses on certain short sales | 84 |
| 61 | Time for identification by taxpayer of certain transactions | 84 |
| H | Pension and Welfare Benefit Plan Provisions | 86 |
| 62 | Deduction limits for qualified pension plans | 86 |
| 63 | Provisions relating to top-heavy pension plans | 86 |
| 64 | Distribution rules for qualified pension plans | 90 |
| 65 | Pension plans with substantially all benefits derived from employee contributions | 92 |
| 66 | Repeal of estate tax exclusions for qualified pension plan benefits | 92 |
| 67 | Affiliated service group and employee leasing arrangements | 94 |
| 68 | Standards for cash-or-deferred arrangements | 94 |
| 69 | Welfare benefit plans | 96 |
| 70 | Medical benefits provided by pension plans | 104 |
| I | Foreign Provisions | 106 |
| 71 | Income from factoring trade receivables | 106 |
| 72 | Taxation of certain transfers of property outside the United States | 108 |
| 73 | Original issue discount in case of foreign persons | 110 |
| 74 | Use of territories to avoid U S tax on foreign investors | 110 |
| 75 | Foreign collapsible corporation rules | 110 |
| 76 | Foreign investment companies | 110 |
| 77 | Resourcing U S -source income—converting U S - source income into foreign income | 112 |
| 78 | Recharacterization of interest as dividend income | 114 |
| 79 | Definition of resident alien and nonresident alien | 116 |
| 80 | Treatment of community income of nonresident aliens | 116 |
| 81 | Amendments related to foreign personal holding companies | 118 |
| 82 | Amendments related to section 1248 | 118 |
| 83 | Stapled stock, stapled entities | 118 |
| 84 | Excise tax on foreign insurers | 120 |
| 85 | Insurance services performed in country of risk | 120 |
| 86 | Foreign investment in U S real property—withholding | 122 |
| 87 | Phase-out of the 30-percent withholding tax on portfolio interest paid to foreign investors | 124 |
| J | Compliance Provisions | 126 |
| 88 | Promoter lists | 126 |
| 89 | Registration of tax shelters | 126 |
| 90 | Returns relating to mortgage interest and cash received in trade or business | 128 |
| 91 | Returns relating to foreclosures and abandonments of security | 130 |

| Item | Present Law |
| --- | --- |
| **69. Welfare benefit plans (secs. 111-115 of the House bill and secs. 95, 96 and 98 of the Senate amendment)** | |
| ***(a) Employer deductions for benefit plan contributions*** | |
| ***(1) Funded benefit plans*** | *(a)*(1) An employer's contribution to a fund that is part of a welfare benefit plan generally is deductible in the year it is made rather than at the time the benefit is provided. |
| *(2) Deferred compensation and benefits* | (2) Deductions for contributions to a non-qualified deferred compensation plan are not allowed until an amount is includible in the employee's income. |

**House Bill**

*(a)*(1) An employer's deduction for a contribution to a funded welfare benefit plan generally is allowed only at the time it would be allowed to a cash method taxpayer who provided benefits under an unfunded plan. This rule generally allows a deduction when the benefit is provided, or, in the case of a facility, at the time allowed under usual rules for deductions for capital expenditures (e.g. ACRS).

A deduction also is allowed for an addition to a reserve for death, accident, sickness (including disability), unemployment, severance, and group-legal benefits:

(i) *General limit.*—Generally, the limit on the size of the reserve is 75 percent of the average annual payments for these benefits during the current year and the preceding year.

(ii) *Incurred claims.*—A higher limit is allowed, under Treasury regulations, if the general limit is not high enough to cover incurred but unpaid claims that are expected to be paid before the end of the succeeding year.

(iii) *Collective bargaining.*—A higher limit is allowed for liabilities under collective bargaining agreements if needed.

*Effective date.*—Contributions paid or accrued after March 31, 1984, in taxable years ending after that date. For collectively bargained plans in effect on March 1, 1984 (or ratified on or before that date), does not apply to years beginning before the later of the termination of the last collective bargaining agreement under the plan or January 1, 1986.

(2) Extends this rule to apply to (A) arrangements which defer compensation and (B) unfunded plans or arrangements providing for deferred benefits.

*Effective date.*—Amounts paid or incurred after March 31, 1984, in taxable years ending after that date.

**Senate Amendment**

*(a)*(1) No provision. (Sec. 890 of the Senate amendment (item 215) provides that the employer's deduction for contributions to a funded or unfunded plan providing deferred educational benefits is allowed only at the time the benefit is includible in the employee's income (or would be includible but for provisions excluding the benefits from income).)

(No deduction is allowed for additions to reserves for deferred educational benefits.)

(2) No provision. (The above provision applies to both funded and unfunded deferred educational benefit plans.)

| Item | Present Law |
| --- | --- |
| **69. Welfare benefit plans—Cont.** | |
| ***(b) Excise taxes on funded benefit plans*** | ***(b)*** No provision. |

| House Bill | Senate Amendment |
| --- | --- |
| *(b)* No provision. | *(b)*(1) *Tax on excess reserves of top heavy funds.* A nondeductible excise tax is imposed on an employer in a year in which the employer maintains a top-heavy welfare benefit fund which has an excess reserve. The tax is equal to the sum of (a) highest rate of corporate tax in effect at the time the fund becomes top heavy (46 percent for 1984) times the excess reserve amount at that time, and (b) interest, on this amount, from the year the reserve was accumulated to the present year. |

(2) *Excess reserve amount.*—The reserves in excess of a limit are considered excess reserves. The limit is the sum of—

(A) 3 times the average annual benefits paid by the fund during the current year and the preceding year to employees for total and permanent disability, and

(B) One-third of the average annual benefits paid by the fund during the current and preceding years for medical care, severance pay, and supplemental unemployment compensation.

(3) *Top heavy status.*—A fund is top heavy for a year if more than 50 percent of any class of benefits is provided to key employees, except that:

(A) An educational benefit or a dependent care benefit does not cause a plan to be top heavy unless the benefit fails to qualify for exclusion from gross income under applicable provisions of the Code.

(B) A benefit in the form of use of a facility does not cause a plan to become top heavy (a separate excise tax is imposed with respect to top heavy use of a facility (see below)).

(4) *Key employee.*—The following employees are key employees:

(A) An owner of more than 5 percent of the employer,

(B) An officer of the employer (determined under the rules for top-heavy pension plans), and

(C) A member of the family of a key employee.

Key employee status is permanent.

| Item | Present Law |
| --- | --- |
| **69. Welfare benefit plans—Cont.** | |
| ***(c) Taxation of income of tax-exempt benefit organizations*** | |
| *(1) Income in excess of reserve limits* | *(c)*(1) The income of tax-exempt organizations, including supplemental unemployment compensation benefit trusts (SUB) and group legal services organizations (GLSO) generally is not subject to tax. However, a tax does apply to the unrelated business income of such organizations. In addition, the other income of a voluntary employee's beneficiary association (VEBA) is subject to the tax on unrelated business income if it is not set aside for an exempt purpose. No specific limit is provided on the amount that may be set aside for an exempt purpose. |
| *(2) Requirements for tax-exempt status*<br>(i) Proportions of benefits for certain employees | (2)(i) A tax-exempt VEBA is required to benefit at least two employees. The proportion of benefits available to groups of employees is not tested. |

| House Bill | Senate Amendment |
|---|---|
| | (5) *Employer tax on facilities.*—A welfare benefit fund which is top-heavy with respect to any class of benefits (including use of facilities) is subject to an excise tax equal to the product of the fair market value of any facility used to provide benefits and the highest rate of corporate tax (46 percent for 1984).<br>(6) *Employee taxes on facilities.*—<br>(i) If key employees have more than 25 percent of the value of the use of a facility under a funded welfare benefit plan for a year, then the value of that use is subject to an excise tax at the highest income tax rate for individuals (50 percent for 1984).<br>(ii) The tax does not apply to a facility providing educational assistance or dependent care assistance.<br><br>(7) *Employee tax on other benefits.*—The value of all benefits provided under a top-heavy welfare benefit fund (other than the use of facilities) is subject to an excise tax at the highest income tax rate applicable to individuals (50 percent for 1984).<br><br>*Effective date.*—Years beginning after December 31, 1984. |
| *(c)*(1) Income of a VEBA, SUB, or GLSO is subject to the tax on unrelated business taxable income to the extent that benefit plan reserves exceed the reserve limit (see item *(a)*(1), above) for the year. | *(c)*(1) No provision. |
| (2)(i)—*General rule.*—A VEBA, SUB, or GLSO is not tax-exempt if more than 25 percent of any class of benefits is provided to an individual who—<br>(A) is one of the 5 highest paid officers,<br>(B) owns more than 10 percent of the value of the employer, or<br>(C) is one of the 10 percent highest paid employees. | (2)(i)—*General rule.*—Same as House bill, except that—<br>The test is applied to benefits provided to an individual who—<br>(A) is an officer of the employer (top heavy pension plan definition),<br>(B) owns more than 5 percent of the employer, or<br>(C) is a member of the family of an individual in (A) or (B),<br>Status as an individual in (A), (B) or (C) is permanent. |

| Item | Present Law |
| --- | --- |
| **69. Welfare benefit plans—Cont.** | |
| (ii) Nondiscrimination | *(2)(ii)—General rule.*—No part of the net earnings of a tax-exempt VEBA may inure to the benefit of any private shareholder or individual other than through the payment of permissible benefits. Under Treasury Regulations, a VEBA violates this standard if it does not meet rules prohibiting discrimination in favor of employees who are officers, shareholders, or highly compensated. The eligibility criteria for VEBA membership and benefits under a VEBA may not be established or administered in a manner that limits membership or benefits to officers, etc., or entitles them to benefits that are disproportionate to benefits for other employees. |
| *(3) Reporting requirements* | (3) No provision. |

| House Bill | Senate Amendment |
|---|---|
| *Basis of test.*—Under Treasury regulations, certain benefits (such as medical benefits) are to be tested on the basis of availability. Other benefits are to be tested on the basis of actual benefits received. | *Basis of test.*—Benefits provided are not determined by reference to actual benefit payments in any case. |
| *Collectively bargained plans.*—The provision does not apply to a collectively bargained plan. | *Collectively bargained plans.*—The provision does not apply to a multiemployer collectively bargained plan. |
| *Applicable benefits.*—The provision applies to all classes of benefits. | *Applicable benefits.*—The provision does not apply to benefits in the form of the use of a facility, educational assistance, or dependent care assistance. |
| (2)(ii)—*General rule.*—A VEBA or GLSO meets the nondiscrimination standard required for tax exempt status only if, under the plan of which it is a part, each class of benefits meets a nondiscrimination test as to membership and benefits provided. A life insurance, disability, severance pay, or supplemental unemployment benefit is not discriminatory merely because the benefit provided bears a uniform relationship to compensation of covered employees. This nondiscrimination standard does not apply to a class of benefits for which a nondiscrimination standard is provided by another provision of the Code. | (2)(ii)—*General rule.*—Same as House bill, except that if, the Code provides any standards under which a class of VEBA, SUB or GLSO benefits is excludible from gross income, then the organization satisfies the requirements for tax exemption only if the class of benefits meets the standards for exclusion. |
| *Collectively bargained plans*—The standard does not apply to benefits, provided under collectively bargained plans. | *Collectively bargained plans*—The provision does not apply to a multiemployer collectively bargained plan. |
| (3) A VEBA, SUB, or GLSO is not tax-exempt unless it notifies the IRS of its claim of such status. | (3) An employer who maintains a VEBA, SUB, or GLSO is to report on whether it meets the nondiscrimination and the concentration of benefits standards. |
| *Effective date.*—Taxable years beginning after December 31, 1984. | *Effective date.*—Same as House bill. |

| Item | Present Law |
| --- | --- |
| **69. Welfare benefit plans—Cont.** | |
| ***(d) Treatment of gain on employer's sale of property to welfare benefit fund*** | ***(d)*** **Gain from the sale of depreciable property between certain related taxpayers is treated as ordinary income. An employer and a welfare benefit fund to which the employer contributes are not treated as related parties.** |
| **70. Medical benefits provided by pension plans (sec. 116 of the House bill and sec. 97 of the Senate amendment)** | Medical benefits provided under a qualififed defined benefit pension plan are not taken into account in applying the overall limits on contributions and benefits, or in determining whether the plan is top heavy. |