26 USC 170.
(1) SECTION 170.—

(A) The second sentence of section 170(e)(1) (relating to certain contributions of ordinary income and capital gain property) is amended by striking out "1251(c),".

(B) Subparagraph (C) of section 170(e)(3) (relating to special rule for certain contributions of inventory and other property) is amended by striking out "1251,".

26 USC 341.
(2) SECTION 341.—Paragraph (12) of section 341(e) (relating to nonapplication of section 1245(a)) is amended by striking out "1251(c),".

26 USC 453B.
(3) SECTION 453B.—The second sentence of section 453B(d)(2) (relating to liquidations to which section 337 applies) is amended by striking out "1251(c),".

26 USC 751.
(4) SECTION 751.—The second sentence of subsection (c) of section 751 (defining unrealized receivables) is amended—

(A) by striking out "farm recapture property (as defined in section 1251(e)(1)),", and

(B) by striking out "1251(c),".

26 USC 1252.
(5) SECTION 1252.—The second sentence of section 1252(a)(1) (relating to gains from disposition of farm land) is amended by striking out ", except that this section shall not apply to the extent section 1251 applies to such gain".

(c) CLERICAL AMENDMENT.—The table of sections for part IV of subchapter P of chapter 1 is amended by striking out the item relating to section 1251.

26 USC 170 note.
(d) EFFECTIVE DATE.—The amendments made by this section shall apply to taxable years beginning after December 31, 1983.

# TITLE V—EMPLOYEE BENEFIT PROVISIONS

## Subtitle A—Welfare Benefit Plans

SEC. 511. TREATMENT OF FUNDED WELFARE BENEFIT PLANS.

(a) GENERAL RULE.—Part I of subchapter D of chapter 1 (relating to pension, profit sharing, stock bonus plans, etc.) is amended by adding at the end thereof the following new subpart:

### "Subpart D—Treatment of Welfare Benefit Funds

"Sec. 419. Treatment of funded welfare benefit plans.
"Sec. 419A. Qualified asset account; limitation on additions to account.

26 USC 419.
"SEC. 419. TREATMENT OF FUNDED WELFARE BENEFIT PLANS.

"(a) GENERAL RULE.—Contributions paid or accrued by an employer to a welfare benefit fund—

"(1) shall not be deductible under section 162 or 212, but

"(2) if they satisfy the requirements of either of such sections, shall (subject to the limitation of subsection (b)) be deductible under this section for the taxable year in which paid.

"(b) LIMITATION.—The amount of the deduction allowable under subsection (a)(2) for any taxable year shall not exceed the welfare benefit fund's qualified cost for the taxable year.

"(c) QUALIFIED COST.—For purposes of this section—



"(1) IN GENERAL.—Except as otherwise provided in this subsection, the term 'qualified cost' means, with respect to any taxable year, the sum of—

"(A) the qualified direct cost for such taxable year, and

"(B) subject to the limitation of section 419A(b), any addition to a qualified asset account for the taxable year. Post, p. 856.

"(2) REDUCTION FOR FUNDS AFTER-TAX INCOME.—In the case of any welfare benefit fund, the qualified cost for any taxable year shall be reduced by such fund's after-tax income for such taxable year.

"(3) QUALIFIED DIRECT COST.—

"(A) IN GENERAL.—The term 'qualified direct cost' means, with respect to any taxable year, the aggregate amount (including administrative expenses) which would have been allowable as a deduction to the employer with respect to the benefits provided during the taxable year, if—

"(i) such benefits were provided directly by the employer, and

"(ii) the employer used the cash receipts and disbursements method of accounting.

"(B) TIME WHEN BENEFITS PROVIDED.—For purposes of subparagraph (A), a benefit shall be treated as provided when such benefit would be includible in the gross income of the employee if provided directly by the employer (or would be so includible but for any provision of this chapter excluding such benefit from gross income).

"(C) 60-MONTH AMORTIZATION OF CHILD CARE FACILITIES.—

"(i) IN GENERAL.—In determining qualified direct costs with respect to any child care facility for purposes of subparagraph (A), in lieu of depreciation the adjusted basis of such facility shall be allowable as a deduction ratably over a period of 60 months beginning with the month in which the facility is placed in service.

"(ii) CHILD CARE FACILITY.—The term 'child care facility' means any tangible property which qualifies under regulations prescribed by the Secretary as a child care center primarily for children of employees of the employer; except that such term shall not include any property—

"(I) not of a character subject to depreciation; or

"(II) located outside the United States.

"(4) AFTER-TAX INCOME.—

"(A) IN GENERAL.—The term 'after-tax income' means, with respect to any taxable year, the gross income of the welfare benefit fund reduced by the sum of—

"(i) the deductions allowed by this chapter which are directly connected with the production of such gross income, and

"(ii) the tax imposed by this chapter on the fund for the taxable year.

"(B) TREATMENT OF CERTAIN AMOUNTS.—In determining the gross income of any welfare benefit fund—

"(i) contributions and other amounts received from employees shall be taken into account, but

"(ii) contributions from the employer shall not be taken into account.

"(5) ITEM ONLY TAKEN INTO ACCOUNT ONCE.—No item may be taken into account more than once in determining the qualified cost of any welfare benefit fund.

"(d) CARRYOVER OF EXCESS CONTRIBUTIONS.—If—

"(1) the amount of the contributions paid (or deemed paid under this subsection) by the employer during any taxable year to a welfare benefit fund, exceeds

"(2) the limitation of subsection (b),

such excess shall be treated as an amount paid by the employer to such fund during the succeeding taxable year.

"(e) WELFARE BENEFIT FUND.—For purposes of this section—

"(1) IN GENERAL.—The term 'welfare benefit fund' means any fund—

"(A) which is part of a plan of an employer, and

"(B) through which the employer provides welfare benefits to employees or their beneficiaries.

"(2) WELFARE BENEFIT.—The term 'welfare benefit' means any benefit other than a benefit with respect to which—

"(A) section 83(h) applies,

"(B) section 404 applies (determined without regard to section 404(b)(2)),

"(C) section 404A applies, or

"(D) an election under section 463 applies.

"(3) FUND.—The term 'fund' means—

"(A) any organization described in paragraph (7), (9), (17), or (20) of section 501(c),

"(B) any trust, corporation, or other organization not exempt from the tax imposed by this chapter, and

"(C) to the extent provided in regulations, any account held for an employer by any person.

"(f) METHOD OF CONTRIBUTIONS, ETC., HAVING THE EFFECT OF A PLAN.—If—

"(1) there is no plan, but

"(2) there is a method or arrangement of employer contributions or benefits which has the effect of a plan,

this section shall apply as if there were a plan.

"(g) EXTENSION TO PLANS FOR INDEPENDENT CONTRACTORS.—If any fund would be a welfare benefit fund (as modified by subsection (f)) but for the fact that there is no employee-employer relationship—

"(1) this section shall apply as if there were such a plan, and

"(2) any reference in this section to the employer shall be treated as a reference to the person for whom services are provided, and any reference in this section to an employee shall be treated as a reference to the person providing the services.

26 USC 419A.

"SEC. 419A. QUALIFIED ASSET ACCOUNT; LIMITATION ON ADDITIONS TO ACCOUNT.

"(a) GENERAL RULE.—For purposes of this subpart, the term 'qualified asset account' means any account consisting of assets set aside to provide for the payment of—

"(1) disability benefits,

"(2) medical benefits,

"(3) SUB or severance pay benefits, or

"(4) life insurance benefits.

"(b) LIMITATION ON ADDITIONS TO ACCOUNT.—No addition to any qualified asset account may be taken into account under section



419(c)(1)(B) to the extent such addition results in the amount in such account exceeding the account limit.

Ante, p. 854.

"(c) ACCOUNT LIMIT.—For purposes of this section—

"(1) IN GENERAL.—Except as otherwise provided in this subsection, the account limit for any qualified asset account for any taxable year is the amount reasonably and actuarially necessary to fund—

"(A) claims incurred but unpaid (as of the close of such taxable year) for benefits referred to in subsection (a), and

"(B) administrative costs with respect to such claims.

"(2) ADDITIONAL RESERVE FOR POST-RETIREMENT MEDICAL AND LIFE INSURANCE BENEFITS.—The account limit for any taxable year may include a reserve funded over the working lives of the covered employees and actuarially determined on a level basis (using assumptions that are reasonable in the aggregate) as necessary for—

"(A) post-retirement medical benefits to be provided to covered employees (determined on the basis of current medical costs), or

"(B) post-retirement life insurance benefits to be provided to covered employees.

"(3) AMOUNT TAKEN INTO ACCOUNT FOR SUB OR SEVERENCE PAY BENEFITS.—

"(A) IN GENERAL.—The account limit for any taxable year with respect to SUB or severance pay benefits is 75 percent of the average annual qualified direct costs for SUB or severance pay benefits for any 2 of the immediately preceding 7 taxable years (as selected by the fund).

"(B) SPECIAL RULE FOR CERTAIN NEW PLANS.—In the case of any new plan for which SUB or severance pay benefits are not available to any key employee, the Secretary shall, by regulations, provide for an interim amount to be taken into account under paragraph (1).

"(4) LIMITATION ON AMOUNTS TO BE TAKEN INTO ACCOUNT.—

"(A) DISABILITY BENEFITS.—For purposes of paragraph (1), disability benefits payable to any individual shall not be taken into account to the extent such benefits are payable at an annual rate in excess of the lower of—

"(i) 75 percent of such individual's average compensation for his high 3 years (within the meaning of section 415(b)(3)), or

"(ii) the limitation in effect under section 415(b)(1)(A).

"(B) LIMITATION ON SUB OR SEVERANCE PAY BENEFITS.—For purposes of paragraph (3), any SUB or severance pay benefit payable to any individual shall not be taken into account to the extent such benefit is payable at an annual rate in excess of 150 percent of the limitation in effect under section 415(c)(1)(A).

"(5) SPECIAL LIMITATION WHERE NO ACTUARIAL CERTIFICATION.—

"(A) IN GENERAL.—Unless there is an actuarial certification of the account limit determined under paragraph (1) for any taxable year, the account limit for such taxable year shall not exceed the sum of the safe harbor limits for such taxable year.

"(B) SAFE HARBOR LIMITS.—

"(i) SHORT-TERM DISABILITY BENEFITS.—In the case of short-term disability benefits, the safe harbor limit for any taxable year is 17.5 percent of the qualified direct costs (other than insurance premiums) for the immediately preceding taxable year with respect to such benefits.

"(ii) MEDICAL BENEFITS.—In the case of medical benefits, the safe harbor limit for any taxable year is 35 percent of the qualified direct costs (other than insurance premiums) for the immediately preceding taxable year with respect to medical benefits.

"(iii) SUB OR SEVERANCE PAY BENEFITS.—In the case of SUB or severance pay benefits, the safe harbor limit for any taxable year is the amount determined under paragraph (3).

"(iv) LONG-TERM DISABILITY OR LIFE INSURANCE BENEFITS.—In the case of any long-term disability benefit or life insurance benefit, the safe harbor limit for any taxable year shall be the amount prescribed by regulations.

"(d) REQUIREMENT OF SEPARATE ACCOUNTS FOR POST-RETIREMENT MEDICAL OR LIFE INSURANCE BENEFITS PROVIDED TO KEY EMPLOYEES.—

"(1) IN GENERAL.—In the case of any employee who is a key employee—

"(A) a separate account shall be established for any medical benefits or life insurance benefits provided with respect to such employee after retirement, and

"(B) medical benefits and life insurance benefits provided with respect to such employee after retirement may only be paid from such separate account.

"(2) COORDINATION WITH SECTION 415.—For purposes of section 415, any amount attributable to medical benefits allocated to an account established under paragraph (1) shall be treated as an annual addition to a defined contribution plan for purposes of section 415(c).

"(3) KEY EMPLOYEE.—For purposes of this section, the term 'key employee' means any employee who, at any time during the plan year or any preceding plan year, is or was a key employee as defined in section 416(i).

"(e) SPECIAL LIMITATIONS ON RESERVES FOR MEDICAL BENEFITS OR LIFE INSURANCE BENEFITS PROVIDED TO RETIRED EMPLOYEES.—

"(1) BENEFITS MUST BE NONDISCRIMINATORY.—No reserve may be taken into account under subsection (c)(2) for post-retirement medical benefits or life insurance benefits to be provided to covered employees unless the plan meets the requirements of section 505(b)(1) with respect to such benefits.

*Post*, p. 864.

"(2) TAXABLE LIFE INSURANCE BENEFITS NOT TAKEN INTO ACCOUNT.—No life insurance benefit may be taken into account under subsection (c)(2) to the extent—

"(A) such benefit is includible in gross income under section 79, or

"(B) such benefit would be includible in gross income under section 101(b) (determined by substituting '$50,000' for '$5,000').

"(f) DEFINITIONS AND OTHER SPECIAL RULES.—For purposes of this section—



"(1) SUB OR SEVERANCE PAY BENEFIT.—The term 'SUB or severance pay benefit' means—

"(A) any supplemental unemployment compensation benefit (as defined in section 501(c)(17)(D)), and

"(B) any severance pay benefit.

"(2) MEDICAL BENEFIT.—The term 'medical benefit' means a benefit which consists of the providing (directly or through insurance) of medical care (as defined in section 213(d)).

"(3) LIFE INSURANCE BENEFIT.—The term 'life insurance benefit' includes any other death benefit.

"(4) VALUATION.—For purposes of this section, the amount of the qualified asset account shall be the value of the assets in such account (as determined under regulations).

"(5) HIGHER LIMIT IN CASE OF COLLECTIVELY BARGAINED PLANS.—Not later than July 1, 1985, the Secretary shall by regulations provide for special account limits in the case of any qualified asset account under a welfare benefit fund established under a collective bargaining agreement.

"(6) EXCEPTION FOR 10-OR-MORE EMPLOYER PLANS.—

"(A) IN GENERAL.—This subpart shall not apply in the case of any welfare benefit fund which is part of a 10 or more employer plan. The preceding sentence shall not apply to any plan which maintains experience-rating arrangements with respect to individual employers.

"(B) 10 OR MORE EMPLOYER PLAN.—For purposes of subparagraph (A), the term '10 or more employer plan' means a plan—

"(i) to which more than 1 employer contributes, and

"(ii) to which no employer normally contributes more than 10 percent of the total contributions contributed under the plan by all employers.

"(7) ADJUSTMENTS FOR EXISTING EXCESS RESERVES.—

"(A) INCREASE IN ACCOUNT LIMIT.—The account limit for any of the first 4 taxable years to which this section applies shall be increased by the applicable percentage of any existing excess reserves.

"(B) APPLICABLE PERCENTAGE.—For purposes of subparagraph (A)—

| "In the case of: | The applicable percentage is: |
|---|---|
| The first taxable year to which this section applies | 80 |
| The second taxable year to which this section applies | 60 |
| The third taxable year to which this section applies | 40 |
| The fourth taxable year to which this section applies | 20. |

"(C) EXISTING EXCESS RESERVE.—For purposes of this paragraph, the term 'existing excess reserve' means the excess (if any) of—

"(i) the amount of assets set aside for purposes described in subsection (a) as of the close of the first taxable year ending after the date of the enactment of the Tax Reform Act of 1984, over

*Ante*, p. 494.

"(ii) the account limit which would have applied under this section to such taxable year if this section had applied to such taxable year.

"(g) EMPLOYER TAXED ON INCOME OF WELFARE BENEFIT FUND IN CERTAIN CASES.—

"(1) IN GENERAL.—In the case of any welfare benefit fund which is not an organization described in paragraph (7), (9), (17), or (20) of section 501(c), the employer shall include in gross income for any taxable year an amount equal to such fund's deemed unrelated income for the fund's taxable year ending within the employer's taxable year.

"(2) DEEMED UNRELATED INCOME.—For purposes of paragraph (1), the deemed unrelated income of any welfare benefit fund shall be the amount which would have been its unrelated business taxable income under section 512(a)(3) if such fund were an organization described in paragraph (7), (9), (17), or (20) of section 501(c).

"(h) AGGREGATION RULES.—For purposes of this subpart—

"(1) AGGREGATION OF FUNDS.—At the election of the employer, 2 or more welfare benefit funds of such employer may be treated as 1 fund.

"(2) TREATMENT OF RELATED EMPLOYERS.—Rules similar to the rules of subsections (b), (c), (m), and (n) of section 414 shall apply.

"(i) REGULATIONS.—The Secretary shall prescribe such regulations as may be appropriate to carry out the purposes of this subpart. Such regulations may provide that the plan administrator of any welfare benefit fund which is part of a plan to which more than 1 employer contributes shall submit such information to the employers contributing to the fund as may be necessary to enable the employers to comply with the provisions of this section."

(b) AMENDMENTS TO TAX ON UNRELATED BUSINESS INCOME.—

(1) EXTENSION OF SECTION 512(A)(3) TO SUPPLEMENTAL UNEMPLOYMENT BENEFIT AND GROUP LEGAL TRUSTS.—

26 USC 512.

(A) Paragraph (3) of section 512(a) (relating to special rules applicable to organizations described in section 501(c) (7) or (9)) is amended by striking out "section 501(c) (7) or (9)" each place it appears (including in the paragraph heading) and inserting in lieu thereof "paragraph (7), (9), (17), or (20) of section 501(c)".

(B) Clause (ii) of section 512(a)(3)(B) is amended by striking out "section 501(c)(9)" and inserting in lieu thereof "paragraph (9), (17), or (20) of section 501(c)".

(2) LIMITATION ON DEDUCTION FOR SET-ASIDE.—Paragraph (3) of section 512(a) is amended by adding at the end thereof the following new subparagraph:

"(E) LIMITATION ON AMOUNT OF SETASIDE IN THE CASE OF ORGANIZATIONS DESCRIBED IN PARAGRAPH (9), (17), OR (20) OF SECTION 501(C).—

"(i) IN GENERAL.—In the case of any organization described in paragraph (9), (17), or (20) of section 501(c), a set-aside for any purpose specified in clause (ii) of subparagraph (B) may be taken into account under subparagraph (B) only to the extent that such set-aside does not result in an amount of assets set aside for such purpose in excess of the account limit determined under section 419A(c) for the taxable year (not taking into account any reserve described in section 419A(c)(2)(A) for post-retirement medical benefits). Ante, p. 856.

"(ii) NO SET ASIDE FOR FACILITIES.—No set aside for assets used in the provision of benefits described in



clause (ii) of subparagraph (B) shall be taken into account.

"(iii) TREATMENT OF EXISTING RESERVES FOR POST-RETIREMENT MEDICAL OR LIFE INSURANCE BENEFITS.—

"(I) Clause (i) shall not apply to any income attributable to a existing reserve for post-retirement medical or life insurance benefits.

"(II) For purposes of subclause (I), the term 'existing reserve or post-retirement medical or life insurance benefit' means the amount of assets set aside as of the close of the last plan year ending before the date of the enactment of the Tax Reform Act of 1984 for purposes of post-retirement medical benefits or life insurance benefits to be provided to covered employees. Ante, p. 494.

"(III) All payments during plan years ending on or after the date of the enactment of the Tax Reform Act of 1984 of post-retirement medical benefits or life insurance benefits shall be charged against the reserve referred to in subclause (II). Except to the extent provided in regulations prescribed by the Secretary, all plans of an employer shall be treated as 1 plan for purposes of the preceding sentence.

"(iv) TREATMENT OF TAX EXEMPT ORGANIZATIONS.—This paragraph shall not apply to any organization if substantially all of the contributions to such organization are made by employers who were exempt from tax under this chapter throughout the 5-taxable year period ending with the taxable year in which the contributions are made."

(c) TAX ON CERTAIN FUNDED WELFARE BENEFIT PLANS.—

(1) IN GENERAL.—Chapter 43 (relating to qualified pension, etc., plans) is amended by adding at the end thereof the following new section:

"SEC. 4976. TAXES WITH RESPECT TO FUNDED WELFARE BENEFIT PLANS. 26 USC 4976.

"(a) GENERAL RULE.—If—

"(1) an employer maintains a welfare benefit fund, and

"(2) there is a disqualified benefit provided during any taxable year,

there is hereby imposed on such employer a tax equal to 100 percent of such disqualified benefit.

"(b) DISQUALIFIED BENEFIT.—For purposes of subsection (a), the term 'disqualified benefit' means—

"(1) any medical benefit or life insurance benefit provided with respect to a key employee other than from a separate account established for such owner under section 419A(d), and Ante, p. 856.

"(2) any post-retirement medical or life insurance benefit unless the plan meets the requirements of section 505(b)(1) with respect to such benefit, and Post, p. 864.

"(3) any portion of such fund reverting to the benefit of the employer.

"(c) DEFINITIONS.—For purposes of this section, the terms used in this section shall have the same respective meanings as when used in subpart D of part I of subchapter D of chapter 1." Ante, p. 854.

(2) CONFORMING AMENDMENT.—The table of sections for chapter 43 (relating to qualified pension, etc., plans) is amended by adding at the end thereof the following new item:

"Sec. 4976. Taxes with respect to funded welfare benefit plans."

(d) CLERICAL AMENDMENT.—The table of subparts for part I of subchapter D of chapter 1 is amended by adding at the end thereof the following new item:

"Subpart D. Treatment of welfare benefit funds."

26 USC 419 note. (e) EFFECTIVE DATES.—

(1) IN GENERAL.—Except as otherwise provided in this subsection, the amendments made by this section shall apply to contributions paid or accrued after December 31, 1985, in taxable years ending after such date.

(2) SPECIAL RULE FOR COLLECTIVE BARGAINING AGREEMENTS.—In the case of plan maintained pursuant to 1 or more collective bargaining agreements—

(A) between employee representatives and 1 or more employers, and

(B) in effect on July 1, 1985 (or ratified on or before such date),

the amendments made by this section and section 514 shall not apply to years beginning before the date on which the last of the collective bargaining agreements relating to the plan terminates (determined without regard to any extension thereof agreed to after July 1, 1985).

(3) SPECIAL RULE FOR PARAGRAPH (2).—For purposes of paragraph (2), any plan amendment made pursuant to a collective bargaining agreement relating to the plan which amends the plan solely to conform to any requirement added by this section shall not be treated as a termination of such collective bargaining agreement.

(4) SPECIAL EFFECTIVE DATE FOR CONTRIBUTIONS OF FACILITIES.—Notwithstanding paragraphs (1) and (2), the amendments made by this section shall apply in the case of—

(A) any contribution after June 22, 1984, of a facility to a welfare benefit fund, and

(B) any other contribution after June 22, 1984, to a welfare benefit fund to be used to acquire or improve a facility.

(5) BINDING CONTRACT EXCEPTIONS TO PARAGRAPH (4).—Paragraph (4) shall not apply to any facility placed in service before January 1, 1987—

(A) which is acquired or improved by the fund (or contributed to the fund) pursuant to a binding contract in effect on June 22, 1984, and at all times thereafter, or

(B) the construction of which by or for the fund began before June 22, 1984.

SEC. 512. TREATMENT OF UNFUNDED DEFERRED BENEFITS.

26 USC 404. (a) GENERAL RULE.—Subsection (b) of section 404 (relating to method of contributions, etc., having the effect of a plan) is amended to read as follows:

"(b) METHOD OF CONTRIBUTIONS, ETC., HAVING THE EFFECT OF A PLAN; UNFUNDED DEFERRED BENEFITS.—

"(1) METHOD OF CONTRIBUTIONS, ETC., HAVING THE EFFECT OF A PLAN.—If—



"(A) there is no plan, but

"(B) there is a method or arrangement of employer contributions or compensation which has the effect of a stock bonus, pension, profit-sharing, or annuity plan, or other plan deferring the receipt of compensation (including a plan described in paragraph (2)),

subsection (a) shall apply as if there were such a plan.

"(2) PLANS PROVIDING UNFUNDED DEFERRED BENEFITS.—

"(A) IN GENERAL.—For purposes of this section, any plan providing for deferred benefits (other than compensation) for employees, their spouses, or their dependents shall be treated as a plan deferring the receipt of compensation. In the case of such a plan, for purposes of this section, the determination of when an amount is includible in gross income shall be made without regard to any provisions of this chapter excluding such benefits from gross income.

"(B) EXCEPTION FOR CERTAIN BENEFITS.—Subparagraph (A) shall not apply to—

"(i) any benefit provided through a welfare benefit fund (as defined in section 419(e)), or Ante, p. 854.

"(ii) to any benefit with respect to which an election under section 463 applies."

(b) CROSS REFERENCE.—Subsection (j) of section 162 (relating to cross references) is amended by adding at the end thereof the following new paragraph: 26 USC 162.

"(3) For special rules relating to—

"(A) funded welfare benefit plans, see section 419, and Ante, p. 854.

"(B) deferred compensation and other deferred benefits, see section 404."

26 USC 404 note.

(c) EFFECTIVE DATE.—

(1) IN GENERAL.—Except as provided in paragraph (2), the amendments made by this section shall apply to amounts paid or incurred after the date of the enactment of this Act in taxable years ending after such date.

(2) EXCEPTION FOR CERTAIN EXTENDED VACATION PAY PLANS.—In the case of any extended vacation pay plan maintained pursuant to a collective bargaining agreement—

(A) between employee representatives and 1 or more employers, and

(B) in effect on June 22, 1984,

the amendments made by this section shall not apply before the date on which such collective bargaining agreement terminates (determined without regard to any extension thereof agreed to after June 22, 1984). For purposes of the preceding sentence, any plan amendment made pursuant to a collective bargaining agreement relating to the plan which amends the plan solely to conform to any requirement added by this section shall not be treated as a termination of such collective bargaining agreement.

SEC. 513. ADDITIONAL REQUIREMENTS FOR TAX-EXEMPT STATUS OF CERTAIN ORGANIZATIONS.

(a) GENERAL RULE.—Part I of subchapter F of chapter 1 (relating to exempt organizations) is amended by adding at the end thereof the following new section:

31-139 O - 84 -- 24 (385)