RECEIVED
COURT OF FEDERAL
CLAIMS SECTION

IN THE UNITED STATES COURT OF FEDERAL CLAIMS 2007 SEP 11 PM 2:27

| | | |
|---|---|---|
| CNG TRANSMISSION MANAGEMENT VEBA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 06-541T |
| | ) | Judge Lynn J. Bush |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Plaintiff, CNG Transmission Management VEBA, hereby responds to defendant's first set of Interrogatories. Plaintiff's responses are attached.

Respectfully submitted,

ERIC R. FOX
Attorney for Plaintiff
1700 Pennsyivania Avenue, N.W.,
Suite 600
Washington, D.C. 20006
202-662-3406

September 11, 2007

CERTIFICATE OF SERVICE

I hereby certify that service of the foregoing documents has been made on defendant this 11th day of September, 2007, by delivering the original thereof by courier to the following address:

George L. Squires, Esquire
Attorney for Defendant
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
555 4th Street, N.W., Room 8804
Washington, D.C. 20001

ERIC R. FOX
Attorney for Plaintiff
1700 Pennsylvania Avenue, N.W.,
Suite 600
Washington, D.C. 20006
202-662-3406

PLAINTIFF'S RESPONSES TO
DEFENDANT'S FIRST SET OF INTERROGATORES

Defendant, the United States, pursuant to RCFC 33, requests plaintiff answer in full, in writing, and under oath, and that plaintiffs serve their answers upon defendant within 30 days after service of these interrogatories.

INTERROGATORIES

1. From the date it was established through December 31, 2000, did plaintiff fund any benefits other than post-retirement medical benefits that fall within the scope of 26 U.S.C. §419A(c)(2)(A)? If so, identify and describe each of those benefits.

Answer: In addition to post-retirement medical benefits under IRC §419A(c)(2)(A), plaintiff also funded post-retirement life insurance benefits under IRC §419A(c)(2)(B).

2. During 1999, 2000, and/or 2001, did plaintiff transfer approximately $8.4 million to VNG NONUNION MGMT RETIREE VEBA (EIN 25-1874957)? If so, please state when plaintiff did so, and explain why plaintiff did so. [See plaintiffs Form 990 for
2000.]

Answer: On May 8, 2000 AGL Resources Inc. (buyer) and Consolidated Natural Gas Company (seller) entered into an agreement for the purchase and sale of the stock of Virginia Natural Gas, Inc., a wholly owned subsidiary of Consolidated Natural Gas Company. Pursuant to § 5.8.7 of the Stock

Purchase Agreement, "VNG shall cease to participate in the Consolidated Natural Gas Company Voluntary Employees Beneficiary Association (the "Sellers VEBA") as of the closing date. As soon as practicable after Closing, the assets and liabilities of or associated with the VNG Non-Union/Management sub account of the CNG VEBA shall be transferred to Buyer's VEBA. The assets shall be transferred in cash." As a result, on October 10, 2000 Plaintiff transferred approximately $8.4 million dollars to Mellon Bank N.A. which established a separate account for the benefit of AGL Resources Inc.

3. Does the Form 990 that plaintiff filed with the Internal Revenue Service for 2000 report that plaintiff transferred approximately $8.4 million to "VNG NONUNION MGMT RETIREE VEBA (EIN: 25-1874957) FOR INITIAL FUNDING."

Answer: Yes.

4. Identify and explain the transactions by which plaintiff transferred approximately $8.4 million to "VNG NONUNION MGMT RETIREE VEBA (EIN: 25-1874957). This explanation should include disclosure of the names and positions of individuals involved in each transaction, and reasons plaintiff caused each transaction to occur.

Answer: See answer to # 2 above.

5. Identify and explain the reason or reasons VNG NONUNION MGMT RETIREE VEBA (EIN: 25-1874957) was created, established, or organized? This explanation should include disclosure of the names and positions of individuals involved in creating, establishing, or organizing VNG NONUNION MGMT RETIREE VEBA (EIN: 25-1874957).

Answer: See answer to # 2 above.

6. Identify and explain the reason or reasons that plaintiff, in response to defendant's document request No. 10, stated that it has not been able to locate a copy of the final report showing computations of its qualified costs for 2000 under 26 U.S.C. §§419 and 419A. This explanation should include disclosure of the names and positions of individuals responsible for making and for maintaining custody of plaintiffs final report showing computations of its qualified costs for 2000 under 26 U.S.C. §§419 and 419A.

Answer: The Plaintiff contacted Watson Wyatt in an attempt to procure a copy of the 2000 actuarial report but was told that they were unable to find any record of a "final" report being issued. It appears that the 2000 preliminary report that was included in response to defendant's document request No. 10 was the only report issued. Therefore the report previously submitted is the final report showing computations of qualified costs for 2000 under 26 U.S.C. §§ 419 and 419A.

7. As of January 1, 1998, did plaintiff's assets include prior nondeductible

contributions in the amount of $13,354,591? If so, was this amount the result of one or more adjustments following one or more examinations by the Internal Revenue Service of one or more tax returns filed by plaintiff? If so, please identify and explain the adjustments.

Answer: Yes. As of January 1, 1998 plaintiff's assets included prior nondeductible contributions in the amount of $13,354,591. The nondeductible amounts were not the result of adjustments related to one or more examinations by the Internal Revenue Service.

8. As of January 1, 1999, did plaintiff's assets include prior nondeductible contributions in the amount of $16,062,399? If so, was this amount the result of one or more adjustments following one or more examinations by the Internal Revenue Service of one or more tax returns filed by plaintiff? If so, please identify and explain the adjustments.

Answer: According to plaintiff's records as of January 1, 1999 plaintiff's assets included prior nondeductible contributions in the amount of $16,062,418. The nondeductible amounts were not the result of adjustments related to one or more examinations by the Internal Revenue Service.

9. As of January 1, 2000, did plaintiff's assets include prior nondeductible contributions in the amount of $19,894,683? If so, was this amount the result of one or more adjustments following one or more examinations by the Internal Revenue Service of one or more tax returns filed by plaintiff? If so,

please identify and explain the adjustments.

Answer: According to Plaintiff's records as of January 1, 2000 plaintiff's assets included prior nondeductible contributions in the amount of $19,894,703. The nondeductible amounts were not the result of adjustments related to one or more examinations by the Internal Revenue Service.

10. Identify and explain the method or methods plaintiff used during 1998, 1999, and 2000 to allocate contributions among plans 513, 953, 501 and 505 for: East Ohio Gas Nonunion Employees, West Ohio Gas Nonunion Employees, River Gas nonunion Employees, Hope Gas Nonunion Employees, CNG Transmission Nonunion Employees, Peoples Natural Gas Nonunion Employees, CNG Producing Nonunion Employees, CNG Service Nonunion Employees, CNG Energy Service, Virginia Natural Gas Nonunion Employees, and International Nonunion Service.

Answer: During 1998, 1999 and 2000, contributions to the VEBA were only made for East Ohio Gas Nonunion Employees, CNG Transmission Nonunion Employees, Peoples Natural Gas Nonunion Employees and Virginia Natural Gas Nonunion Employees. The amount contributed was generally equal to the SFAS No. 106 expense for these groups.

11. Identify each entity that paid benefits during 1998, 1999, 2000, and 2001 under plans 513, 953, 501 and 505 for: International Nonunion Service, CNG Retail, CNG Service Nonunion Employees, and CNG Producing Nonunion

Employees.

Answer: During 1998, 1999, 2000 and 2001, the benefits paid under plans 513, 953, 501 and 505 for nonunion employees of CNG International, CNG Retail, CNG Service and CNG Producing were paid from the general assets of each of those companies on a pay-as-you-go basis. None of the benefits paid under the above plans for the above companies were funded through the plaintiff.

12. Why did the present values of projected benefits under Plan 501 for CNG Transmission Nonunion Employees decrease from $ 9,250,838 in 1999 to $3,817,357 in 2000?

Answer: The Company's independent actuary was changed from Towers Perrin to Watson Wyatt during 2000. Watson Wyatt included the present value of the voluntary group life insurance plan in Plan 505. In previous years, this amount was included in Plan 501 by Towers Perrin. The present value of projected benefits under Plan 501 and Plan 505 for CNG Transmission Nonunion Employees was $14,270,445 and $13,604,597 in 1999 and 2000, respectively.

13. Why did the present values of projected benefits under Plan 501 for East Ohio Gas Nonunion Employees decrease from $10,086,168 in 1999 to $3,245,965 in 2000?

Answer: The Company's independent actuary was changed from Towers

Perrin to Watson Wyatt during 2000. Watson Wyatt included the present value of the voluntary group life insurance plan in Plan 505. In previous years, this amount was included in Plan 501 by Towers Perrin. The present value of projected benefits under Plan 501 and Plan 505 for East Ohio Gas Nonunion Employees was $16,593,573 and $14,718,992 in 1999 and 2000, respectively.

14. Why did the present values of projected benefits under Plan 501 for East Ohio Gas Nonunion Employees Peoples Natural Gas Nonunion Employees decrease from $10,086,168 in 1999 to $3,245,965 in 2000?

Answer: The Company's independent actuary was changed from Towers Perrin to Watson Wyatt during 2000. Watson Wyatt included the present value of the voluntary group life insurance plan in Plan 505. In previous years, this amount was included in Plan 501 by Towers Perrin. The present value of projected benefits under Plan 501 and Plan 505 for Peoples Natural Gas Nonunion Employees was $10,928,246 and $9,553,769 in 1999 and 2000, respectively.

15. Why did the present values of projected benefits under Plan *505* for CNG Transmission Nonunion Employees increase from $5,019,607 in 1999 to $9,247,240 in 2000?

Answer: The Company's independent actuary was changed from Towers Perrin to Watson Wyatt during 2000. Watson Wyatt included the present

value of the voluntary group life insurance plan in Plan 505. In previous years, this amount was included in Plan 501 by Towers Perrin. The present value of projected benefits under Plan 501 and Plan 505 for CNG Transmission Nonunion Employees was $14,270,445 and $13,604,597 in 1999 and 2000, respectively.

16. Why did the present values of projected benefits under Plan 505 for East Ohio GAS Nonunion Employees increase from $6,507,405 in 1999 to $11,473,027 in 2000?

Answer: The Company's independent actuary was changed from Towers Perrin to Watson Wyatt during 2000. Watson Wyatt included the present value of the voluntary group life insurance plan in Plan 505. In previous years, this amount was included in Plan 501 by Towers Perrin. The present value of projected benefits under Plan 501 and Plan 505 for East Ohio Gas Nonunion Employees was $16,593,573 and $14,718,992 in 1999 and 2000, respectively.

17. Why did the present values of projected benefits under Plan 505 for Peoples Natural Gas Nonunion Employees increase from $3,809,805 in 1999 to $6,795,577 in 2000.

Answer: The Company's independent actuary was changed from Towers Perrin to Watson Wyatt during 2000. Watson Wyatt included the present value of the voluntary group life insurance plan in Plan 505. In previous

years, this amount was included in Plan 501 by Towers Perrin. The present value of projected benefits under Plan 501 and Plan 505 for Peoples Natural Gas Nonunion Employees was $10,928,246 and $9,553,769 in 1999 and 2000, respectively.

IVINS, PHILLIPS & BARKER
CHARTERED

1700 PENNSYLVANIA AVENUE, N.W., SUITE 600
WASHINGTON, D.C. 20006-4723

TELEPHONE (202) 393-7600
FACSIMILE (202) 393-7601
FACSIMILE (202) 347-4256

IPB@IPBTAX.COM
WWW.IPBTAX.COM

H. STEWART DUNN, JR.
CARROLL J. SAVAGE
ERIC R. FOX
LESLIE JAY SCHNEIDER
ROBERT H. WELLEN
KEVIN P. O'BRIEN
JOSEPH DECARLO, JR.*
PATRICK J. SMITH
JEFFREY B. COHEN
MICHAEL R. HUFFSTETLER
LAURIE E. KEENAN
JEFFREY E. MOELLER
STEVEN H. WITMER
ROSINA B. BARKER
WILLIAM L. SOLLEE, JR.
JODI H. EPSTEIN
ROBIN M. SOLOMON
H. CARTER HOOD

DAVID D. SHERWOOD
JENNIFER J. FINN
DANIELLE E. ROLFES
LISA MILOT
JONATHAN ZIMMERMAN
VICTOR S. CHANG
NICOLE OCCHUIZZO

JAMES S.Y. IVINS (1885-1960)
PERCY W. PHILLIPS (1892-1969)
RICHARD B. BARKER (1906-1988)

OF COUNSEL
JAY W. GLASMANN
STEPHEN N. SHULMAN
CLIFTON B. CATES III

LOS ANGELES OFFICE
1925 CENTURY PARK EAST
SUITE 2140
LOS ANGELES, CALIFORNIA 90067
TELEPHONE (310) 551-6633

* NOT ADMITTED IN THE DISTRICT OF COLUMBIA

October 1, 2007

George L. Squires, Esquire
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
555 4th Street, N.W., Room 8804
Washington, D.C. 20001

Re: CNG Transmission Management VEBA
v. United States
Fed. Cl. No. 06-541T

Dear Mr. Squires:

Enclosed is the Oath you requested. My apologies for failing to include it initially.

Sincerely yours,

[signature]

Eric R. Fox

Enclosure

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| CNG TRANSMISSION MANAGEMENT VEBA, | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 06-541T |
| | ) | Judge Lynn J. Bush |
| UNITED STATES, | ) | |
| Defendant. | ) | |

OATH PURSUANT TO RULE 33(b)

The undersigned, ROBERT D. TAYLOR, hereby swears and affirms, under the penalties of perjury, that Plaintiff's Responses to Defendant's First Set of Interrogatories, transmitted to the Department of Justice on September 11, 2007, by Plaintiff's counsel, Eric R. Fox, are true to the best of my knowledge and belief.

[signature]
ROBERT D. TAYLOR

Subscribed and sworn to before me this 25 day of September, 2007.

[signature]
NOTARY PUBLIC

My Commission Expires:

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Alice M. Rump, Notary Public
City Of Pittsburgh, Allegheny County
My Commission Expires May 3, 2009
Member, Pennsylvania Association of Notaries