IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 06-541 T

(The Honorable Lynn J. Bush)

---

CNG TRANSMISSION MANAGEMENT VEBA,

Plaintiff

v.

UNITED STATES,

Defendant

---

**DEFENDANT'S RESPONSES TO PLAINTIFF'S PROPOSED FINDINGS OF UNCONTROVERTED FACT**

---

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
G. ROBSON STEWART
Reviewer

JASON BERGMANN
Attorney of Record
Department of Justice, Tax Division
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-3425
Facsimile: (202) 514-9440

Pursuant to Rule 56(h)(2) of the Rules of the Court of Federal Claims, defendant, the United States of America, submits this response to the proposed findings of uncontroverted fact submitted in support of plaintiff's motion for summary judgment. Defendant is submitting additional proposed findings of uncontroverted fact in connection with its cross-motion for summary judgment in a separate document.

**PLAINTIFF'S PROPOSED FINDING NO. 1**

Plaintiff is a voluntary employees benefit association ("VEBA") under the terms of section 501(c)(9) of the Internal Revenue Code of 1986. A copy of plaintiff's exemption letter from the Internal Revenue Service ("IRS") is attached as Exhibit A.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDING NO. 1**

*Undisputed.*

**PLAINTIFF'S PROPOSED FINDING NO. 2**

Plaintiff's address is c/o Mellon Bank, N.A., Trustee, P.O. Box 185, Pittsburgh, Pa. 15230-9897.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDING NO. 2**

*Undisputed.*

**PLAINTIFF'S PROPOSED FINDING NO. 3**

Plaintiff was established on March 31, 1994, by Consolidated Natural Gas Company ("CNG") "for the purpose of funding medial benefits and certain other benefits for eligible

employees." A copy of the Welfare Trust Agreement establishing plaintiff as a VEBA is attached as Exhibit B.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDING NO. 3**

*Undisputed.*

**PLAINTIFF'S PROPOSED FINDING NO. 4**

CNG was acquired by Dominion Resources, Inc. ("DRI") on January 28, 2000.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDING NO. 4**

*Undisputed.*

**PLAINTIFF'S PROPOSED FINDING NO. 5**

On December 20, 2001, DRI replaced CNG as plaintiff's sponsor. A copy of the Retiree Medical Welfare Trust Agreement reflecting this change is attached as Exhibit C.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDING NO. 5**

*Undisputed.*

**PLAINTIFF'S PROPOSED FINDING NO. 6**

Plaintiff timely filed a Form 990-T for 2000 on November 13, 2001, with the IRS Service Center at Ogden, Utah, on which it reported $2,693,592 of unrelated business taxable income and, pursuant to which, it paid income tax on this income in the amount of $1,065,684. A copy of this return is attached as Exhibit D.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDING NO. 6**

*Undisputed.*

**PLAINTIFF'S PROPOSED FINDING NO. 7**

On January 4, 2005, plaintiff timely filed an amended Form 990-T for 2000, claiming a refund of $1,065,684 on the grounds that the $2,693,592 it had previously reported as unrelated business taxable income was in reality non-taxable exempt function income. A copy of this return is attached as Exhibit E.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDING NO. 7**

*Undisputed.*

**PLAINTIFF'S PROPOSED FINDING NO. 8**

On April 4, 2006, the IRS sent a letter to the plaintiff denying its claim for refund for 2000. A copy of this letter is attached as Exhibit F.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDING NO. 8**

*Undisputed.*

**PLAINTIFF'S PROPOSED FINDING NO. 9**

During 2000, plaintiff had investment income of $2,798,002. See affidavit of Donald W. Borneman attached as Exhibit G.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDING NO. 9**

*Undisputed.*

**PLAINTIFF'S PROPOSED FINDING NO. 10**

During 2000, plaintiff expended $7,556,757 for the payment of life, sick, accident, or other benefits, to its members or their beneficiaries. See Exhibit G.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDING NO. 10**

*Undisputed.*

**PLAINTIFF'S PROPOSED FINDING NO. 11**

During 2000, plaintiff set aside and expended all of its investment income of $2,798,002 for the payment of life, sick, accident, or other benefits for its members.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDING NO. 11**

*Disputed.* There are a number of flaws in plaintiff's proposed finding:

(1) Plaintiff offers no admissible evidence to support its assertion that "all of its investment income of $2,790,002" was "expended" for "the payment of life, sick, accident, or other benefits for its members." Mr. Borneman's affidavit establishes merely that plaintiff had investment income of $2,790,002 and that its expenditures on program benefits were $7,556,757. Plaintiff's evidence does not include facts that link its program-benefits expenditures in the 2000 tax year to its investment income in the 2000 tax year, rather than other sources of plaintiff's assets (such as, for example, the total amount set aside in the trust at the beginning of the 2000 tax year or member contributions made to plaintiff during the 2000 tax year).

(2) Plaintiff's proposed finding is argumentative. The proposed finding presumes that it is permissible for plaintiff to allocate its investment income specifically to its payment of

program benefits. Defendant contends that the Internal Revenue Code and governing regulations do not allow plaintiff to do so.

(3) Defendant concedes that plaintiff's investment income was "set aside . . . to provide for the payment of life, sick, accident, or other benefits," as those words are used in I.R.C. § 512(a)(3)(B). However, that fact is not unique to plaintiff's investment income. All of plaintiff's assets – whether carried over from prior tax years, earned from member contributions in the 2000 tax year, or earned as investment income during the 2000 tax year – by the terms of plaintiff's trust instrument itself – qualify as having been "set aside . . . to provide for the payment of life, sick, accident, or other benefits" under I.R.C. § 512(a)(3)(B). *See* Plaintiff's Exhibit A at 20, ¶ 22.1 ("Upon this Trust's being issued a favorable determination by the Internal Revenue Service that the Plants and the Trust meet the requirements of Section 501(c)(9), neither the income nor the other assets of the Trust will inure to any person other than by payment of the benefits provided by the Plans, except as may otherwise be permitted by law.")

**PLAINTIFF'S PROPOSED FINDING NO. 12**

During 2000, plaintiff had no income other than $2,798,002 of investment income.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDING NO. 12**

*Disputed.*

During 2000, in addition to $2,798,002 of investment income, plaintiff received employer contributions in the amount of $12,684,454. *See* Plaintiff's IRS Form 990 for the 2000 tax year, line 2 (at Bergmann Declaration, Exhibit A).

Respectfully submitted,

s/Jason Bergmann
JASON BERGMANN
Attorney of Record
Department of Justice, Tax Division
Court of Federal Claims Section
P.O. Box 26
Ben Franklin Station
Washington, D.C. 20044
Telephone: (202) 616-3425
Facsimile: (202) 514-9440

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
G. ROBSON STEWART
Reviewer

s/G. Robson Stewart
Of Counsel

June 6, 2008