# In The United States Court of Federal Claims

CNG TRANSMISSION MANAGEMENT VEBA, )
)
)
Plaintiff, )
) No. 06-541-T
v. )
) The Honorable Lynn J. Bush
UNITED STATES OF AMERICA, )
)
Defendant. )

---

## PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSES TO PLAINTIFF'S PROPOSED FINDINGS OF UNCONTROVERTED FACT

---

ERIC R. FOX,
Attorney for Plaintiff
Ivins, Phillips & Barker, Chartered
Suite 600
1700 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel. No.-202-662-3406
Facsimile No.-202-393-7601
E-Mail Address-ericfox@ipbtax.com

Kevin P. O'Brien
Of Counsel
Ivins, Phillips & Barker, Chartered
Suite 600
1700 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel. No.-202-662-3411
Facsimile No.-202-393-7601
E-Mail Address-kpobrien@ipbtax.com

Pursuant to Rule 56(h)(1) of the Rules of the Court of Federal Claims, plaintiff, CNG Transmission VEBA, submits this reply to defendant's response to the plaintiff's proposed findings of uncontroverted fact submitted in support of plaintiff's motion for summary judgment.

**PLAINTIFF'S PROPOSED FINDING NO. 1**

Plaintiff is a voluntary employees benefit association ("VEBA") under the terms of section 501(c)(9) of the Internal Revenue Code of 1986. A copy of plaintiff's exemption letter from the Internal Revenue Service ("IRS") is attached as Exhibit A.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDING NO. 1**

Undisputed.

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDING NO. 1**

*No comment.*

**PLAINTIFF'S PROPOSED FINDING NO. 2**

Plaintiff's address is c/o Mellon Bank, N.A., Trustee, P.O. Box 185, Pittsburgh, Pa. 15230-9897.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDING NO. 2**

*Undisputed.*

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDING NO. 2**

*No comment.*

**PLAINTIFF'S PROPOSED FINDING NO. 3**

Plaintiff was established on March 31, 1994, by Consolidated Natural Gas Company ("CNG") "for the purpose of funding medial benefits and certain other benefits for eligible employees." A copy of the Welfare Trust Agreement establishing plaintiff as a VEBA is attached as Exhibit B.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDING NO. 3**

Undisputed.

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDING NO. 3**

*No comment.*

**PLAINTIFF'S PROPOSED FINDING NO. 4**

CNG was acquired by Dominion Resources, Inc. ("DRI") on January 28, 2000.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDING NO. 4**

*Undisputed.*

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDING NO. 4**

*No comment.*

**PLAINTIFF'S PROPOSED FINDING NO. 5**

On December 20, 2001, DRI replaced CNG as plaintiff's sponsor. A copy of the Retiree Medical Welfare Trust Agreement reflecting this change is attached as Exhibit C.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDING NO. 5**

*Undisputed.*

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDING NO. 5**

*No comment.*

**PLAINTIFF'S PROPOSED FINDING NO. 6**

Plaintiff timely filed a Form 990-T for 2000 on November 13, 2001, with the IRS Service Center at Ogden, Utah, on which it reported $2,693,592 of unrelated business taxable income and, pursuant to which, it paid income tax on this income in the amount of $1,065,684. A copy of this return is attached as Exhibit D.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDING NO. 6**

*Undisputed.*

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDING NO. 6**

*No comment.*

**PLAINTIFF'S PROPOSED FINDING NO. 7**

On January 4, 2005, plaintiff timely filed an amended Form 990-T for 2000, claiming a refund of $1,065,684 on the grounds that the $2,693,592 it had previously reported as unrelated business taxable income was in reality non-taxable exempt function income. A copy of this return is attached as Exhibit E.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDING NO. 7**

*Undisputed.*

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDING NO. 7**

*No comment.*

**PLAINTIFF'S PROPOSED FINDING NO. 8**

On April 4, 2006, the IRS sent a letter to the plaintiff denying its claim for refund for 2000. A copy of this letter is attached as Exhibit F.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDING NO. 8**

*Undisputed.*

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDING NO. 8**

*No comment.*

**PLAINTIFF'S PROPOSED FINDING NO. 9**

During 2000, plaintiff had investment income of $2,798,002. See affidavit of Donald W. Borneman attached as Exhibit G.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDING NO. 9**

*Undisputed.*

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDING NO. 9**

*No comment.*

**PLAINTIFF'S PROPOSED FINDING NO. 10**

During 2000, plaintiff expended $7,556,757 for the payment of life, sick, accident, or other benefits, to its members or their beneficiaries. See Exhibit G. **DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDING NO. 10**

*Undisputed.*

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDING NO. 10**

*No comment.*

**PLAINTIFF'S PROPOSED FINDING NO. 11**

During 2000, plaintiff set aside and expended all of its investment income of $2,798,002 for the payment of life, sick, accident, or other benefits for its members.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDING NO. 11**

*Disputed.* There are a number of flaws in plaintiff's proposed finding:

(1) Plaintiff offers no admissible evidence to support its assertion that "all of its investment income of $2,790,002" was "expended" for "the payment of life, sick, accident, or other benefits for its members." Mr. Borneman's affidavit establishes merely that plaintiff had investment income of $2,790,002 and that its expenditures on program benefits were $7,556,757. Plaintiff's evidence does not include facts that link its program-benefits expenditures in the 2000 tax year to its investment income in the 2000 tax year, rather than other sources of plaintiff's assets (such as, for example, the total amount set aside in the trust at the beginning of the 2000 tax year or member contributions made to plaintiff during the 2000 tax year).

(2) Plaintiff's proposed finding is argumentative. The proposed finding presumes that it is permissible for plaintiff to allocate its investment income specifically to its payment of program benefits. Defendant contends that the Internal Revenue Code and governing regulations do not allow plaintiff to do so.

(3) Defendant concedes that plaintiff's investment income was "set aside . . . to provide for the payment of life, sick, accident, or other benefits," as those words are used in I.R.C. § 512(a)(3)(B). However, that fact is not unique to plaintiff's investment income. All of plaintiff's assets – whether carried over from prior tax years, earned from member contributions in the 2000 tax year, or earned as investment income during the 2000 tax year – by the terms of plaintiff's trust instrument itself – qualify as having been "set aside . . . to provide for the payment of life, sick, accident, or other benefits" under I.R.C. § 512(a)(3)(B). *See* Plaintiff's Exhibit A at 20, ¶ 22.1 ("Upon this Trust's being issued a favorable determination by the Internal Revenue Service that the Plants and the Trust meet the requirements of Section 501(c)(9), neither the income nor the other assets of the Trust will inure to any person other than by payment of the benefits provided by the Plans, except as may otherwise be permitted by law.")

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDING NO. 11**

Plaintiff notes that defendant has conceded that plaintiff's 2000 investment income of $2,790,002 was set aside for the payment of life, sick, accident or other benefits for its members. Thus, defendant's disputes only plaintiff's assertion that this income was expended by plaintiff in 2000 for the payment of life, sick, accident or other benefits for its members. Whether the resolution of this issue is a matter of fact or a matter of law, plaintiff has addressed this issue in its Brief and will further address it in its Reply Brief.

**PLAINTIFF'S PROPOSED FINDING NO. 12**

During 2000, plaintiff had no income other than $2,798,002 of investment income.

**DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDING NO. 12**

*Disputed.*

During 2000, in addition to $2,798,002 of investment income, plaintiff received employer contributions in the amount of $12,684,454. *See* Plaintiff's IRS Form 990 for the 2000 tax year, line 2 (at Bergmann Declaration, Exhibit A).

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED FINDING NO. 12**

There is no reasonable basis for defendant to dispute plaintiff's proposed finding. Without question, employer contributions to a VEBA do not constitute income to a VEBA. *See*, H.R. Rep. No. 98-432, Part 2, at 1279-1280, 98th Cong., 2d Sess. (1984) (defendant's Document 27-10), in which the House of Representatives Committee on Ways and Means stated:

> In determining the gross income of a fund, contributions and other amounts received from employees (dues, fees, etc.) are to be taken into account as income but employer contributions are not to be taken into account. (Emphasis added.)

This point is discussed further in plaintiff's Reply Brief.

Respectfully submitted,

ERIC R. FOX,
Attorney for Plaintiff
Ivins, Phillips & Barker, Chartered
Suite 600
1700 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel. No.-202-662-3406
Facsimile No.-202-393-7601
E-Mail Address-ericfox@ipbtax.com

Kevin P. O'Brien
Of Counsel
Ivins, Phillips & Barker, Chartered
Suite 600
1700 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel. No.-202-662-3411
Facsimile No.-202-393-7601
E-Mail Address-kpobrien@ipbtax.com

June 27, 2008